### F. C. SHEER v. JANE CUMMINGS ET AL.

#### No. 3103.

1. **Mechanic's Lien.**—A mechanic's lien can not be established against the owner of land without his knowledge or consent.

2. **Improvements Attach to the Realty.**—Houses erected upon land without the knowledge or consent of the owner go with the ownership of the soil.

3. **Case in Judgment—Ratification.**—Jane Cummings contracted with plaintiff for the work, etc., on her own account and not as agent of her son (the owner of the lot), and therefore there was no acting as his agent for him to ratify by appropriating the benefit of the contract to his own use. Even if his mother had claimed to act as his agent, but without authority, the doctrine of ratification would not apply, because his taking possession of the improvements must then have been referred to his ownership of the land.

APPEAL from Clay. Tried below before Hon. P. M. Stine.

The opinion gives a statement.

*Templeton & Patten,* for appellant.—1. The contracts made by Mrs. Cummings with appellant for the building of the house and privy constructed by him were authorized and ratified by the appellee John Cummings and were binding upon him, and appellant had a valid lien for his debt upon the improvements made by him on the lots on which said improvements were situated. Const. of Texas, art. 16, sec. 37; Sayles' Civ. Stats., arts. 3164, 3171, 3172.

The statute should be liberally construed. Rev. Stats., Final Title, Gen. Prov., sec. 3.

2. The action of appellee John Cummings in placing his mother in possession and control and charge of his property, and in authorizing her to contract and pay for improvements made thereon, constituted her his agent, and he is now estopped from denying such agency and from repudiating such contracts made by her. Henderson v. Railway, 17 Texas, 575, 576; Collins & Douglas v. Cooper, 65 Texas, 460, 465, 466; Sayles' Just. Treat., sec. 148; Bish. on Con., secs. 1101, 1102, 1108, 1110.

3. The acceptance of and the appropriation to his own use and benefit by Cummings of the improvements made on his property by appel-

lant was a ratification of the contract made by his mother with appellant, and he will not be permitted to avail himself of the benefits of said contract and at the same time repudiate its burdens. Bish. on Con., secs. 217, 219, 231, 238; Day v. Caton, 119 Mass., 513; 2 Jones on Liens, sec. 1256.

4. If Cummings did not authorize or ratify the contract made by his mother with appellant for the construction of the house and privy, then the title thereto never passed to him, but the same remained vested in Mrs. Cummings, and appellant was entitled to a foreclosure of his lien upon said improvements and was entitled to have the same sold separately from the lots on which they were situated. Const. of Texas, art. 16, sec. 37; Sayles' Civ. Stats., arts. 3164, 3171, 3172; Jones on Liens, secs. 1256, 1373.

No brief for appellees reached the Reporter.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellant against Jane Cummings and John Cummings to recover a balance of $146.46 contracted to be paid him for furnishing the material and labor used in the construction of a house upon certain lots in the town of Henrietta.

The petition charged that the legal title to the lots was in the defendant John Cummings, and that the equitable title thereto was in the said Jane Cummings. The petition alleged that a mechanic's lien had been fixed on said lots and improvements, and prayed for a foreclosure thereof.

The evidence showed that the title to the land was in the defendant John Cummings; that in the absence and without the knowledge of the owner of the lots Jane Cummings made with plaintiff the contract for the construction of the buildings, in pursuance of which they were erected; that Jane Cummings promised to pay for the improvements, and did, out of money earned by her own labor, pay something more than half of the contract price; that Jane Cummings was the mother of John Cummings, and was permitted by him to live in another house on the lots; that on a previous occasion some improvements had been put upon the lots by direction of the mother during the absence of the son and with his consent, and paid for with money furnished by him; that John Cummings was absent and had no knowledge of the construction of the improvements by plaintiff until after their completion, and that he gave no authority for their construction; that he refused to pay for them; that plaintiff offered to refund the money paid him and requested permission to remove the improvements from the lot, which was refused by the defendant John Cummings, who took possession of them and has rented them out, receiving the money paid therefor.

The defendants pleaded to the jurisdiction of the court and general denial.

The evidence established the contract with the defendant Jane Cummings, and proper proceedings to fix a mechanic's lien, and also that the amount claimed was still unpaid.

The only defect in the proof was with regard to the contract having been made with or by the authority of the owner of the land. Neither title nor agency was shown in Jane Cummings. Such an incumbrance can not be established against the owner of land without his knowledge or consent. The houses when erected became a part of the realty, and as such went with the ownership of the soil.

The evidence shows that Jane Cummings contracted on her own account and not as agent of her son, and therefore there was no acting as his agent for him to ratify by appropriating the benefit of the contract to his own use. Even if his mother had claimed to act as his agent, but without authority, the doctrine of ratification would not apply, because his taking possession of the improvements must then have been referred to his ownership of the land.

The court in effect charged the jury to find for the defendants and rendered judgment in their favor. We think the charge was correct.

The judgment must be affirmed.

*Affirmed.*

Delivered March 20, 1891.