### J. W. Penfield et al. v. W. H. Harris et al.

#### No. 372.

1. **Jurisdiction—Waiver.**—When a nonresident is sued, and notice is served on him outside of the State, and he appears for the purpose only of pleading to the jurisdiction of the court, such appearance is a waiver of his immunity from the jurisdiction of the court, and has the effect of perfecting the service.

2. **Petition—Sufficient.**—In making parties for the purpose of foreclosing a lien, it is not necessary to inform the defendants in detail what kind of claims they were setting up in the property.

3. **Evidence Admissible.**—It was not error to permit one of plaintiffs to testify that defendant Alvord furnished him a memorandum showing the number of brick made, when defendant Alvord testified that he had furnished plaintiff the memorandum, which was correct, without objection.

4. **Mechanic's Lien—To What Applies.**—The lien contemplated by article 3164, Revised Statutes, can be fixed on improvements, fixtures, etc., placed on the land by no one except by authority of the owner of the land, his agent, trustee, or contractor.

5. **Same.**—A mechanic's lien does not attach when the party executing it does not own the land, nor is authorized by the owner to execute the lien. No such lien can attach to the material furnished, independent of connection with the land.

Appeal from Bexar. Tried below before Hon. G. H. Noonan.

*C. A. Keller*, for plaintiffs in error.

*Simpson & Onion*, for defendants in error.

Fly, Associate Justice.—Defendants in error instituted this suit against H. H. Alvord, George Holmgreen, Eugene Holmgreen, Reagan Houston, assignee of Sam Maverick, J. W. Penfield, R. C. Penfield, and the F. F. Collins Manufacturing Company. It is alleged in the petition that defendants in error entered into a contract with Alvord, leasing to him a certain lot of land in San Antonio, on which there was certain machinery. Alvord was to make brick on the land, and in consideration of the lease was to pay defendants in error seventy-five cents per thousand for all the brick made on the lot; and if he ceased manufacturing brick for one month at a time he should pay $50 per month as rent, and if he ceased work for six months the lease was to become null and void. It was alleged, that Alvord had ceased work; that after six months defendants in error had taken possession of their land; that Alvord while on the land had made 1,182,378 brick, and was indebted to appellees therefor in the sum of $886.78, and was indebted to them for the six months after he ceased operations, in the sum of $300. There was an allegation as to damage to machinery, which was abandoned by defendants in error. It was also alleged, that Alvord had in the contract of lease given a lien on all the machinery that he might place on the land to secure defendants in error in their

rent; that certain machinery had been placed on the land; that the other defendants were setting up a claim to the property; and defendants in error prayed for judgment against Alvord for the debt claimed, and against all the parties for an order decreeing the property to be sold to satisfy the claim of defendants in error. The F. F. Collins Manufacturing Company answered, setting up a lien for material furnished, alleging that the statute had been complied with in fixing the lien, and that a judgment foreclosing said lien had been rendered against Alvord. The Penfields alleged, that they were nonresidents, and they were served with notice outside the State, and denied the jurisdiction of the court. They also filed general and special exceptions, and pleaded a lien for material furnished, claiming that they sold the machinery to Alvord. The other parties sued did not answer. The exceptions were overruled, and the case being tried by the judge, judgment was rendered in favor of defendants in error, and against Alvord, for $1186.78, and the lien was foreclosed on the property against all the parties. The appeal to this court is perfected by the Penfields and the Collins Manufacturing Company. We adopt the findings of fact of the trial judge as our conclusions of fact, to wit:

"1. The court finds, that on or about October 3, 1889, plaintiffs and defendant Alvord entered into a written contract of lease for the term of five years, whereby plaintiffs leased to said Alvord the premises described in plaintiffs' petition, with certain brick manufacturing machinery thereon, the said lease providing in substance, that on all brick made, sold, or removed by said Alvord from the premises the plaintiffs should be entitled to seventy-five cents per thousand of brick, and if work ceased on the premises, then that said Alvord should pay plaintiffs $50 per month during the cessation of work; and furthermore, that if work should cease for six months, the lease would thereby terminate and become void. Also, it was agreed in said contract of lease, that the said Alvord was not to remove from the premises anything upon the premises at the time of the lease or thereafter placed thereon by him, until full settlement had been make with plaintiffs of all sums due them by reason of the contract of lease.

"2. That Alvord manufactured upon said premises 1,182,378 brick, and has paid nothing to plaintiffs therefor. The said Alvord, also, ceased work upon said premises for six months beginning in June, 1891, and has done nothing there since, and has paid nothing to plaintiffs by reason thereof. That the royalty due plaintiffs on said brick amounts to $886.78, and the six months' rent due plaintiffs owing to the cessation of work for six months amounts to $300.

"3. The court also finds, that none of the articles represented in the claim of the F. F. Collins Manufacturing Company are identified upon the premises.

"That a certain Penfield double brick machine (engine) and Penfield pug mill are now upon the premises affixed to and applied to use upon the premises; that the same were bought by said Alvord from defendants Penfield on credit during the lease, to wit, on or about October 13th, and placed upon the premises by him, the said Alvord, the said Penfields taking no chattel mortgage or other lien thereon, but within four months, to wit, on January 6, 1891, then duly made and recorded their claim against Alvord as a lien on the entire leased premises, in the county clerk's office in Bexar County, Texas, in the manner provided by statute for fixing mechanics' and material men's liens.

"5. And further, the court finds that said Alvord has not paid for said Penfield articles, the account therefor being $2579.25; and the court further finds, that the contract of lease aforesaid was duly recorded in Bexar County clerk's office at or within a few days after the date of its execution, and prior to the purchase by Alvord from said Penfields. Also, that after the six months cessation of work as aforesaid, the plaintiffs treated the lease as void and took possession of the said leased premises, including everything thereon.

"6. That no evidence was offered to show that the defendants, Reagan Houston, assignee of Sam Maverick, George Holmgreen, Eugene Holmgreen, have any claim upon any of the property in question.

"The court finds the following to be the property placed upon the premises by H. H. Alvord during the lease, as distinguished from what was on the premises when let by plaintiffs: 1 Penfield double work brick engine; 1 Penfield pug mill; 1 steam pump; 2 Erie steam boilers, 40 horse-power each; 1 Potts disintegrator; 1 clog elevator; 1 dump car and windings, drum, cable, etc.; paint mills, and machinery to drive same; 1 Raymond Perfection brick press; 4 brick trucks; 1 grindstone."

The first and fourteenth assignments urge as error the action of the court in foreclosing the lien on the property, because the court had no jurisdiction over the persons or property of plaintiffs in error, who are nonresidents, and service was procured on them outside of the State, and there was no attachment or other process of law levied on their property. On the 13th day of March, 1893, plaintiffs in error appeared in the court below, for the purpose only of pleading to the jurisdiction. This appearance was a waiver of their immunity from the jurisdiction of the court by reason of their residence in another State and service without this State, and had the effect of perfecting the service. Railway v. Whitley, 77 Texas, 127; York v. The State, 73 Texas, 651; Feibleman v. Edmonds, 69 Texas, 335.

The second, fourth, and fifth assignments of error complain of the action of the court in overruling special exceptions which attacked the sufficiency of the allegations of the petition in regard to machinery; but it is immaterial what action the court may have taken on these

exceptions, as all that part of the petition relating to damages to machinery was abandoned by defendants in error, and no judgment was rendered for damages to machinery.

It is complained that the petition is insufficient, because it does not allege when the lease to Alvord took effect, when he took possession, and what improvements were placed by him on the leased premises.

The petition alleges, that the premises were leased to Alvord on or about October 3, 1889, that they have a lien on all the improvements put on the place while it was held by Alvord, and the property upon which the lien is held is set out specifically. We are of the opinion that the petition was sufficient, and there was no error in overruling the exceptions.

The seventh assignment of error is without merit. It was not necessary to inform plaintiffs in error in detail what kinds of claims they were setting up. They knew the character of their claims. It was sufficient to allege that they were claiming the property.

The eighth assignment is not well taken. If there was collusion between defendants in error and Alvord in regard to his forsaking the leased premises, the plaintiff in error should have alleged and proved it.

On the trial J. F. Harris, one of the plaintiffs in the court below, was permitted to testify that Alvord had given him a memorandum of the number of brick he had made, and that the memorandum showed the number of brick to be 1,182,378. This evidence was objected to by plaintiff in error. Alvord testified, that he gave a memorandum of the number of the brick to Harris, and that it was correct. While the testimony of Harris may not have been admissible standing alone, the error, if any, in its admission was cured by the testimony of Alvord, to which no objection was made. Plaintiffs in error intimate that there might have been a "put up job" between Alvord and defendants in error and against them, but no fraud or collusion is pleaded, and there is nothing whatever in the evidence to indicate any unfairness or fraud upon the part of defendants in error.

The only questions in this case were, did plaintiff in error or defendants in error have liens on the property, and if so, which had the priority? And it was not proper to show, there being no pleadings to justify it, that the machinery sold by Penfield & Son to Alvord was not as it was represented to him. Still, the issues being what they were, we can not see how any possible injury could have resulted to plaintiffs in error by the admission of the testimony.

Plaintiffs in error are seeking to hold a lien on the property in question by virtue of a lien fixed under the provisions of the mechanics' and material men's lien law, article 3164 of Sayles' Statutes, Act of 1889. That article provides, that "any person or firm, lumber dealer, artisan, laborer, mechanic, or subcontractor, who may labor or furnish material, machinery, fixtures, or tools to erect any house or improve-

ments, or to repair any building or improvement whatever, under or by virtue of contract with the owner or his agent, trustee, contractor, or contractors, upon complying with the provisions of this act, shall have a lien on such house, building, fixtures, or improvements, and shall also have a lien on the lot or lots of land necessarily connected therewith, to secure payment for labor done, 'lumber, material, machinery, or fixtures, and tools furnished for construction or repair.''

The lien contemplated in the above statute can be fixed on improvements, machinery, or fixtures placed on land by no one, except by authority of the owner of the land, his agent, trustee, contractor, or contractors. Association v. Perkins, 80 Texas, 62; Sheer v. Cummings, 80 Texas, 294; Smith v. Huckaby, 4 Texas Civ. App., 80. There is no pretense that defendants in error authorized plaintiff in error to furnish the material for the improvements, and the liens are sought to be fixed by a contract with Alvord. The affidavits by which the liens are to be fixed recognize the ownership of the land to be in defendants in error, and claim a lien on the material by virtue of having furnished the material to Alvord, who had a lease on the premises. No liens were placed on the improvements by virtue of the affidavits, even though defendants in error had no written lien on the improvements. But defendants in error had a statutory lien on all the improvements to secure their rents, independent of the written contract. Sayles' Civ. Stats., art. 3122a; Furniture Co. v. Hotel Co., 81 Texas, 135. They also held a lien on the property by virtue of the contract with Alvord. Defendants in error were not parties to the cause in which plaintiff in in error, the Collins Manufacturing Company, obtained judgment foreclosing a lien on the machinery and leasehold estate, and are not affected by it. Plaintiffs in error had no kind of lien on the property, whether it became a part of the improvements of the freehold or not. If the property became improvements on the land, then the lien for material furnished could not attach, because Alvord did not own the land; and if the property did not become improvements on the land, then the lien could not attach, because the lien for material can not attach independent of connection with the land. Viewing the matter as we do, the judgment could not have been in favor of plaintiffs in error.

The judgment is affirmed.

*Affirmed.*

Delivered June 6, 1894.

JAMES, Chief Justice, did not sit in this cause.

Writ of error refused.