OSCAR STENBERG, APPELLANT, *v.* LOUIS LIENNE-MANN, ET AL., RESPONDENTS.

[Submitted February 2, 1898.   Decided February 14, 1898.]

*Mechanic's Lien—Leases.*

The lien of a mechanic for material or labor furnished at the request of a lessee who afterwards forfeited his lease, embraces only such improvements as the lessee himself might have removed during his lease; and does not include a doorway cut between two buildings, paper hanging, or other improvements which cannot be removed without injury to the freehold.

*Appeal from District Court, Silver Bow County. William O. Speer, Judge.*

ACTION by Oscar Stenberg against Louis Linnemann and Charles Schmidt, co-partners doing business as Linnemann &

Schmidt, and August Johnson and James Ryan, co-partners doing business as Johnson & Ryan, to enforce a mechanic's lien. From the judgment, plaintiff appeals. Affirmed.

Statement of the case by the justice delivering the opinion.

This is an action to foreclose a mechanic's lien. It appears from the record that the defendants Liennemann & Schmidt, co-partners, are the owners of certain town lots situated in Butte, upon which two buildings, used as saloons, were located; one of the buildings seemingly being situated in the rear, and adjoining the other. About the 1st of June, 1895, it appears that Lienneman & Schmidt leased the two buildings to the defendants Johnson & Ryan, to be used by the said lessees for the purpose of carrying on the saloon business. Johnson & Ryan then employed, it seems, the plaintiff and one F. Britton to do some work upon the buildings. The work this plaintiff did was that of calcimining, painting, paper hanging, and glazing certain portions of the saloon premises. The work which Britton did consisted of cutting a doorway between the two buildings, so as to connect them, and make them one building, and also in fastening to the wall and floor a bar and back bar, which were to be used in carrying on the business in the saloon; the bar and back bar being the property of the lessors. After the lessees had occupied the buildings and carried on their business for a short time, and after the work had been done thereon by the plaintiff and Britton, certain creditors of the lessees brought suits by attachment against them, and closed up their business. The defendants Liennemann & Schmidt were in no wise interested in these attachment proceedings, which resulted in Johnson & Ryan forfeiting their lease to the premises, as they were unable to thereafter pay the rent. The liens claimed in this case were filed by the plaintiff after Johnson & Ryan had forfeited their lease to the premises. Britton assigned his account to the plaintiff, who thereafter filed a lien upon the premises for his own work, and also as assignee of Britton, the pretended

lien of Britton for his account for work on the premises having been filed by plaintiff, as assignee thereof.

The case was tried by the court without a jury. The court found that no contract had ever been entered into by the plaintiff and Britton, or either of them, with the defendants Liennemann & Schmidt, the owners of the property upon which the lien is sought to be enforced for the work and labor which they, or either of them, did or performed thereon, but that the work and labor, and all of it, performed, and materials furnished, by plaintiff and Britton upon the premises, was so performed and furnished under a contract made with Johnson & Ryan, the lessees thereof, and the said lessees were alone liable to the plaintiff upon the accounts sued upon, and for which a lien is claimed; that the only interest Johnson & Ryan had in the premises was that of tenants, and that the plaintiff was not entitled to any lien upon the premises or buildings, or any part thereof, on account of labor performed by him and materials furnished by him or the said Britton. The court rendered judgment in favor of the defendants Liennemann & Schmidt for the costs against the plaintiff, and from this judgment the plaintiff appeals.

*Carroll & Leehey*, Attorneys for Appellant.

(Citing Section 2134 Code of Civil Procedure; *Montana Lumber & M. Co.* v. *Obelisk Mining & M. Co.*, 15 Mont. 20, 37 Pac. 697; Amer. & Eng. Ency. of Law, vol. 15, p. 21; *Merrigan* v. *English*, 9 Mont. 113, 22 Pac. 454; *Black* v. *Appelonio*, 1 Mont. 342.)

*Charles Mattison*, Attorney for Respondents.

(Citing Sections 2130, 2133 and 2134, Code of Civil Procedure; Phillips' on Mechanics' Liens, Sections 18, 20, 88, 89, 165 and 166; *John Spry Lumber Co.* v. *Sault Saving Bank*, 77 Mich. 199; Jones on Liens, II, Section 1273; Gear, Landlord and Tenant, Section 187; *Judson* v. *Stevens*, 75 Ill., 255; *Johnson* v. *Dewey*, 36 Cal. 623; *Bloomer* v. *Nolan*, 53

N. W., 1030; *Williams* v. *Vanderbilt*, 34 N. E. Rep. 476, 40 Ill. App., 298; *Moore* v. *Vaughn*, 60 N. W., 914; 42 Nebr., 686; Jones on Liens, II, Section 1275; Ph. Mech. Liens, Section 89; *Bremen* v. *Foreman, et al.*, 1 Arizona, 413; *Redman* v. *Williamson*, 2 Iowa, 488; see *Williams* v. *Vanderbilt*, 145 Ill., 238, 21 L. R. A. 489; Gear Landlord & Tenant, 187; Jones on Liens, Section 1287; *Bryan* v. *Whitford*, 66 Ill. 33; *Hoffman* v. *McColgan*, 32 Atl. 179; *Masow* v. *Fife*, 39 Pacific, 140; Same, 10 Wash., 528, and others above cited; *Church* v. *Griffith*, 9 Pa. St., 117; *O'Brien Boiler Works Co.* v. *Haydock*, 59 Mo. App. 653.)

PEMBERTON, C. J.—Section 2133, Code of Civil Procedure, provides as follows : "The lien given extends to the lot or land upon which any such building, improvements, or structure is situated, to the extent of one acre, if outside of any town or city, or within any town or city, then to the extent of the whole lot or lots upon which the same is situated, if the land belonged to the person who caused said building to be constructed, altered or repaired; but if such person owned less than a fee simple estate in such land, then only his interest therein is subject to such lien."

Section 2134 of the same code provides : "When the interest in the land, building, structure or other improvement, is a lease-hold interest, the forfeiture of such lease does not forfeit or impair such liens so far as concerns the buildings, structures and improvements put thereon by the person charged with such lien, but the same may be sold to satisfy said lien, and may be removed within twenty days after the sale thereof by the purchaser."

In deciding the case the court evidently found and held that the work and labor performed and materials furnished by plaintiff and his assignor, Britton, did not constitute such "buildings, structures, and improvements" as could be removed from the premises, or buildings on the premises, at the time and before the plaintiff and his assignor performed the work and furnished the materials for which a lien is claimed. Appellant assigns this decision of the court as error.

In a case like this we think our statute gives a lien only upon such "buildings, structures and improvements" put upon the premises by the leaseholder as can be removed.    Jones, in his work on Liens, says :    "If the materials furnished are used in repairs, and are so merged in the freehold as to be incapable of severance, the contractor has no lien thereon, but merely a lien on the leasehold estate."    (2 Jones, Liens, Section 1274.)

The same author says :    "Lien not Extended Beyond Lessee's Interest.    A statute authorizing a lien against a building erected by a lessee and his interest under the lease should not be extended in its operation by implication.    It should be construed to embrace only such buildings as the lessee might himself, at common law, remove at any time during his term, before surrendering possession."    (*Jones on Liens*, § 1275 ; see, also, *Rothe* v. *Bellingrath*, 71 Ala. 55; *Lothian* v. *Wood*, 55 Cal. 159.)

The facts in this case are that Britton cut a doorway between the two buildings, and nailed and fitted a bar to the floor and wall of one of the buildings on which a lien is sought to be enforced.    The plaintiff furnished some materials, such as paper, paint, etc., which he used in papering, painting, and calcimining parts of the houses.    Now, how can that sort of work or repairs or materials be removed from the leased premises?    The lessees could not do it.    If they had no such right or interest in the premises as would permit them to remove such repairs, how can the plaintiff do so, who only has a lien, under the statute, on the interest the lessees had in the premises?    As a matter of common sense, what did the lessees, or the plaintiff, or his assignor, Britton, put upon the premises that can be removed?    You cannot remove the hole Britton cut in the wall to connect the two buildings.    The bar cannot be removed, for it is the property of the lessors of the premises.    The paper, paint, and calcimine cannot be taken from the walls.

There is nothing shown to have been put upon the premises by the lessees that is susceptible or capable of severance or

removal. We think, therefore, that there was no error in the holding and decision of the court in this respect.

But the appellant insists that the forfeiture of the lease by the lessees does not affect the right of the plaintiff to a lien. Suppose we admit this contention. Suppose the lessees had not forfeited their lease, and were now in possession of the premises, what is there in the premises in the way of "buildings, structures, and improvements," or anything else, placed there by the lessees or the plaintiff and Britton, that could be removed, and sold to satisfy the lien claimed by plaintiff ?

The court found, and rightly, too, that there was never any contract between plaintiff and Britton and the lessors by which the lessors became in any way liable for the accounts for which a lien is claimed in this action. On the contrary, the evidence shows that the lessors told the plaintiff and Britton, when they commenced to do the work and furnish the materials sued for, that they must look alone to Johnson & Ryan, the lessees, for their pay.

There is, in our opinion, no fact or circumstance disclosed by the record, nor any rule of law cited by counsel, that would authorize a judgment against defendants Lienneman & Schmidt, the owners and lessors of the premises in suit, or the sale of their property, to satisfy the claims of plaintiff.

The judgment appealed from is affirmed.

*Affirmed.*

PIGOTT, J., concurs.    HUNT, J., not sitting.

