ÆTNA ELEVATOR CO. v. DEEVES et al.

(Supreme Court, Appellate Term. January 22, 1908.)

1. MECHANICS' LIENS—RIGHT TO LIEN—LIEN FOR REPAIRS—"IMPROVEMENT."
    Under Mechanic's Lien Law, Laws 1897, p. 515, c. 418, § 2, providing that the term "improvement," when used in the law, includes the erection, alteration, or repair of any structure on or connected with real property, etc., a person performing labor or furnishing material for repairs upon such a structure may have a lien upon the property.
    [Ed. Note.—For other definitions, see Words and Phrases, vol. 4, pp. 3452–3460; vol. 8, pp. 7682, 7683.]

2. SAME—CONSENT OF OWNER—IMPROVEMENTS BY LESSEE—COVENANT TO RE-PAIR BY LESSEE.
    A covenant in a lease obligating the lessee to keep the premises in good order and repair during the term does not imply a consent by the owner to specific repairs, within Mechanic's Lien Law, Laws 1897, p. 516, c. 418, § 3, providing that a contractor or materialman who performs labor or furnishes material for the improvement of real property with the con-sent or at the request of the owner thereof shall have a lien, and the premises will not be subject to a lien unless the particular repairs were

specifically provided for in the lease or the owner expressly consented to or requested them made, or, with knowledge that the repairs were being made, acquiesced therein.

Action by the Ætna Elevator Company against Richard Deeves and others to enforce a mechanic's lien. From a judgment for defendants, plaintiff appealed, and the judgment was affirmed (107 N. Y. Supp. 63). On motion for reargument or for leave to appeal. Motion denied.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Prince & Nathan, for appellant.

Kurzman & Frankenheimer, for respondents.

GILDERSLEEVE, P. J. An appeal in this case was argued at the October term, 1907, and the judgment affirmed. The plaintiff, appellant, moves for a reargument or for leave to appeal. The opinion heretofore handed down, setting forth the reasons for the decision, contains a fallacious argument. The error in question appears in the last two sentences of the opinion, which are as follows:

"There seems to be a sharp distinction between 'improvements' and 'repairs,' and the statute refers only to 'improvements' in its provision under consideration. The lien, therefore, should not be allowed, as defendant neither required nor consented to the making of improvements by the lessee in the sense contemplated by the statute."

In this connection section 2 of the lien law (Laws 1897, p. 515, c. 418) was overlooked. It reads as follows:

"Sec. 2. Definitions. * * * The term 'improvement,' when so used [referring to its use in the lien law], includes the erection, alteration, or repair of any structure upon, connected with, or beneath the surface of, any real property and any work done upon such property, or materials furnished for its permanent improvement."

This section seems clearly to provide for repairs as well as improvements, and it was error to attempt a distinction. The defendants were the owners of certain real property on Fourth avenue and Seventeenth street, in this city, known as the "Everett House." In March, 1906, said owners gave to a corporation called the "Everett House Company" a written lease of said property for a term of 21 years. Among other things the lease provided as follows:

"The party of the second part [the lessee] agrees to keep the premises in good order and repair during said term at its own cost and expense."

Between the 15th and 20th of November, 1906, the plaintiff, appellant herein, performed certain work and furnished material for said Everett House Company in connection with the repair of an elevator on said premises at the agreed price and of the reasonable value of $227.32. It is conceded that the repairs in question were necessary to the proper working of the elevator, and no claim is made that they were not properly done. The defendants deny that the repairs were made with their consent, as owners or otherwise, or that they derived any pecuniary benefit therefrom, or that the property was enhanced in value thereby. The plaintiff claims that it should be inferred that the

value of the property was enhanced to the extent of the repairs and that the defendants derived a benefit therefrom equal to the value of the repairs. No testimony was introduced upon this point. The claim for said repairs was not paid by the Everett House Company, and the plaintiff filed a mechanic's lien against the property on the 29th day of December, 1906. The plaintiff brought this action, demanding judgment, first, that on December 29, 1906, it acquired a valid lien upon the interest of the defendants in the said premises; second, that there is now due to the plaintiff from the defendants the sum of $227.32, with interest from the 20th day of November, 1906, and costs. The court below gave judgment for the defendants and the plaintiff appealed.

The plaintiff asserts that the facts bring the claim for the repairs within the provisions of section 3 of the mechanic's lien law (Laws 1897, p. 516, c. 418), and entitles it to the judgment demanded. Section 3 reads as follows:

"A contractor or * * * materialman, who performs labor or furnishes material for the improvement of real property, with the consent or at the request of the owner thereof, * * * shall have a lien for the principal and interest of the value of the agreed price of such labor and materials upon the real property improved * * * from the time of filing a notice of such lien as prescribed in this article."

No formal request was made by the defendants for the repair of the elevator, nor any formal consent obtained from them. It does not appear that the defendants had any notice or knowledge of the repairs until they were completed. It is the contention of the plaintiff that from the covenant of the lessee "to keep the premises in good order and repair during said term" arises an implied consent by the owners of said premises, the defendants herein, that meets the requirements of section 3 of the lien law. The proposition of the appellant is that the customary agreement in a lease that the tenant should keep the demised premises in "repair" at his own expense constitutes a statutory "consent" of the landlord to such repairs under the mechanic's lien law, and is sufficient to make the labor and materials necessary for said repairs the basis of a mechanic's lien upon the property, although the owners do not request the work and have no notice or knowledge from which consent can be inferred or implied.

We cannot indorse this proposition. We think the statute requires either that the particular repairs be specifically provided for in the lease, or that the owner shall expressly consent to or request the particular repairs made, or that, with a knowledge of the employment and its purpose, he acquiesces therein. Berger Mfg. Co. v. Zabriskie (City Ct. N. Y.) 75 N. Y. Supp. 1038; Tinsley v. Smith, 115 App. Div. 708, 101 N. Y. Supp. 382, is not an authority in support of the appellant's contention. The repairs there were such as the landlord required the tenant to make by the provision in the lease. While that case holds that consent may be evidenced by a covenant by the tenant to repair, it is limited to alterations (or work) specified in the covenant. A general covenant ·by the tenant to repair does not constitute the "consent" on the part of the landlord required by the lien law. In

Spruck v. McRoberts, 139 N. Y. 197, 34 N. E. 896, we find the following:

"The statute, which gives to a contractor, mechanic, or materialman a lien upon the lands of another, created a remedy in such cases which was unknown to the common law; and, while it must receive a liberal construction to secure the beneficial purposes which the Legislature had in view, it cannot be extended to a state of facts not fairly within its general scope and purview. The obligation to make repairs would have been upon the lessee, had the lease remained silent on the question of repairs. The presence of the covenant was not notice to the owner of the repairs in question, and the owner's consent to the specific repairs within the meaning of the statute cannot be implied therefrom. An opposite construction would, we believe, extend the remedy beyond the general scope intended."

A provision similar to the covenant under consideration here has been in common use ever since the enactment of the mechanic's lien law, and we cannot find that it has ever been held to constitute the necessary consent upon which to base the landlord's liability. To hold otherwise would establish a dangerous and unwarranted precedent, that might result in great hardship to landlords.

The motion for a reargument or leave to appeal must be denied. All concur.