W. H. McGUINN, Appellant, v. FEDERATED
MINES & MILLING COMPANY, Respondent.

Springfield Court of Appeals, December 4, 1911.

1. **MECHANIC'S LIENS: Leased Property: Work Ordered by Lessee: Ordinary Repairs on Machinery.** In an action to foreclose a mechanic's lien filed by the plaintiff against a certain mining plant, composed of boilers, engines and other machinery, the evidence disclosed that the defendant was the owner of a mining lease and also the owner of the mining plant; that it leased the same to A, who assigned the lease to B, who employed plaintiff to repair the boiler by putting a patch on it and by replacing the tubes. The terms of the lease required that the lessee keep the property in good repair and to replace all parts that broke or wore out during the operation of the plant. *Held*, that so far as the testimony shows, the repairs made by plaintiff were of an ordinary character, which B was under the legal obligation to make without the clause to that effect in the lease and that plaintiff was not entitled to a mechanic's lien on defendant's property.

2. ———: **Landlord and Tenant: Tenant Not Agent for Landlord.** Section 8212, Revised Statutes 1909, gives the laborer and material man a lien for labor performed and material furnished under a contract with the owner or his agent, and the rule is universal that under such a statute a tenant by his relation as such is not the agent for the landlord so as to subject the latter's estate to the lien.

3. ———: ———: **Principal and Agent: Contract to Improve Property: May Make Tenant Agent.** Where a landlord binds the tenant to make substantial improvements upon the property he thereby constitutes the latter his agent within the meaning of the mechanic's lien law and his property is subject to the lien for labor performed and material furnished in making such improvements; but a contract with the tenant to keep the premises in repair, does not make the tenant the agent of the landlord so as to bind the latter's estate for repairs furnished at the tenant's direction.

4. ———: ———: ———: ———: **Special Repairs: Burden of Proof.** Where plaintiff seeks to establish and foreclose a mechanic's lien for repairs to a boiler at the direction of a tenant who held the same under a lease, which lease declared the boiler to be in first-class condition at the time the lease was made, and provided that the tenant keep the property

in first-class condition and in case any part shall break to replace it with new material, *held*, that the burden was upon the plaintiff to show that the tenant was the authorized agent of the defendant to have the repairs made and if they were special repairs required under the lease he should have offered testimony to prove that fact.

5. ———: ———: ———: **Landlord Liable Only for Repairs Authorized.** Where a lease of machinery provides that the tenant shall make certain repairs the landlord is not liable for others.

6. ———: ———: ———: **General Judgment Against Landlord.** In a suit against a landlord to establish a mechanic's lien for repairs to machinery, which repairs were ordered by the tenant, the plaintiff is not entitled to a general judgment against defendant, unless by the provisions of the lease the tenant can be considered an agent of the landlord for the purpose of having said repairs made.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*F. M. Cummings* for appellant.

(1) By virtue of the provisions of the lease in evidence the sub-lessee of defendant as to the substantial improvements contemplated, provided for, directed and procured became the representative, the agent, or *alter ego* of defendant and plaintiff became entitled to his lien upon the property (boiler etc.) repaired and improved. Westport Lbr. Co. v. Harris, 131 Mo. App. 94; Lbr. Co. v. Churchill, 114 Mo. App. 578, 104 S. W. 478; Curtin Hdwe. Co. v. Churchill, 126 Mo. App. 462; Price v. Merritt, 55 Mo. App. 640; Sawyer Co. v. Clark, 172 Mo. 588; Winslow Bros. v. Mason Co., 169 Mo. 236; Morrison v. Hancock, 40 Mo. 561; Seaman v. Paddock, 51 Mo. App. 465; Lumber Co. v. Nelson, 71 Mo. App. 110; O'Leary v. Roe, 45 Mo. App. 567; Koenig v. Mueller, 39 Mo. 165. (2) As to the general law, supporting the position and holdings of the Missouri courts, as recorded in the above cita-

tions, we cite, to be used if desired, decisions of the United States Supreme Court and of other states of the American Union, as follows: Moore v. Jackson, 49 Cal. 109; Weker v. Weatherly, 34 Md. 656; Blake v. Pitcher, 46 Md. 453; Bohn Mfg. Co. v. Kountz, 12 L. R. A. (Neb.) 33; Henderson v. Connally, 123 Ill. 98; Wilverding v. Offineer, 87 Iowa M. 475; Paulsen v. Manske, 126 Ill. 72, 18 N. E. 275; Hough v. Collins, 176 Ill. 188, 52 N. E. 847; Sheurer v. Wilder, 56 Kan. 252; Cannin v. Helfrick, 99 Ind. 164; Shopleigh v. Hull, 21 Colo. 419, 41 Pac. 1108; James v. Osborne, 108 Iowa 409; Gaman v. Bushford, 37 Pac. 24.

*Spencer, Grayston & Spencer* for respondent.

(1) The lease in this case did not require the lessee to do more than to maintain the property in substantially the condition which existed at the time of the leasing, and the plaintiff's petition and lien statement show that the boiler was merely repaired and that the work was done solely upon the request of the lessee. Daugherty Lbr. Co. v. Churchill, 144 Mo. App. 584. (2) Before plaintiff can establish a lien he must show that the work was done ''under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or subcontractor. R. S. 1909, sec. 8212.

GRAY, J.—This action was instituted to foreclose a mechanic's lien filed by the plaintiff against a certain mining plant composed of boilers, engines, and other machnery, and building enclosing same, situated upon certain real estate in Jasper county.

The evidence discloses that the defendant was the owner of a mining lease on the real estate in question, and was also the owner of the mining plant above mentioned; that it leased the same to one Pottorff, who assigned the same to one Hollywood. After

Hollywood took possession of the property under the lease, he had the plaintiff repair the boiler by putting a patch on it, and by replacing the tubes. The case was tried before the court without a jury, judgment was rendered for the defendant, and plaintiff appealed. No declarations of law were asked or given, and the only error assigned is, that under the law and the evidence, the court should have found for the plaintiff.

The lease under which Hollywood was operating at the time he engaged plaintiff to do the work sued for, contained the following: "The party of the second part hereby acknowledges receipt of said concentrating plant, tools and supplies, all of said mining plant tools and supplies being in good first class condition. And agrees to keep the same in good, first class repair at his own expense and if any portion of the same, including machinery, boilers, belts or pulleys break or wear out during his operation under this agreement, that he will replace the same with new material of the same kind and not inferior in any respect. And that he will deliver up all of said concentrating plant tools and supplies in as good condition as they are at the present time, usual wear and tear only excepted."

The only question submitted on this appeal is whether by the above terms of the lease the tenant was authorized as the agent of the defendant lessor, to bind its property for the lien account. Our statute (sec. 8212) gives the laborer and material man a lien for labor performed and material furnished "under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or subcontractor." And our courts hold in order for the plaintiff to ecover he must show that he did the work, or furnished the material under a contract with the owner or his agent. [Badger Lbr. Co. v. Stepp et al., 157 Mo. 366, 57 S. W. 1059; Hengstenberg v. Hoyt,

109 Mo. App. 622, 83 S. W. 539.] And the rule is universal that under such a statute a tenant merely by his relation as such, is not the agent for the landlord so as to subject the latter's estate to the lien. [Winslow Bros. Co. v. McCully Stone Mason Co., 169 Mo. 236, 69 S. W. 304; Stenberg v. Liennemann, 52 Pac. 84, 63 Am. St. Rep. 636; Beehler v. Ijams, 72 Md. 193, 19 Atl. 646; Moore v. Vaughn, 60 N. W. 914; Reed v. Estes, 80 S. W. 1086; Meade Plumbing Co. v. Irwin, 109 N. W. 391; Carter v. Keeton, 71 S. E. 554.]

On the other hand, the rule is very generally recognized and established that where the landlord binds the tenant to make substantial improvements upon the property, that he thereby constitutes the latter his agent within the meaning of the mechanics' lien law, and his property is subject to the lien for labor performed and material furnished in making such improvements under the contract with the tenant. [Dougherty-Moss Lbr. Co. v. Churchill, 114 Mo. App. 578, 90 S. W. 405; Westport Lbr. Co. v. Harris, 131 Mo. App. 94, 110 S. W. 609; Curtain-Clark Hardware Co. v. Churchill, 126 Mo. App. 462, 104 S. W. 476; Kremer v. Walton et al., 47 Pac. 238; Carey-Lombard Lbr. Co. v. Jones et al., 58 N. E. 347; Whitcomb v. Gans, 119 S. W. 676; Boisot on Mechanics' Liens, sec. 290; 27 Cyc. 58.]

Boisot says: "Where a tenant contracts with his landlord to build or repair buildings for compensation to be made by the landlord, either in money or the occupation and use of the premises, the tenant is the landlord's agent." But a general covenant on the part of the tenant to keep the premises in repair, does not make him the agent of the landlord so as to bind the latter's estate for repairs furnished by the direction of the tenant. [Winslow Bros. Co. v. McCully Stone Mason Co., supra; Aetna Elevator Co. v. Deeves, 108 N. Y. Supp. 718; Same case, 110 N. Y. Supp. 124; Conant v. Bracket, 112 Mass. 18; Dough-

erty-Moss Lbr. Co. v. Churchill, supra; 20 Am. and Eng. Ency. Law (2 Ed.), 319.]

In the Winslow case, supra, our Supreme Court said: "The mere fact that an owner consents to a tenant's making alterations or improvements upon the demised premises, or the fact that the tenant has contracted with the owner to make certain improvements on the leased premises, does not make the land or the landlord's interest in the land subject to a mechanic's lien. For in such cases the tenant acts for himself and not as agent for the owner."

In the notes to Belnap v. Conden, 23 L. R. A. N. S. 601, the authorities are collected and digested, and from them it clearly appears that the landlord's interest in the premises is not liable for ordinary repairs ordered by the tenant, whether under his legal duty to keep the premises in repair, or under a general covenant to that effect in the lease.

In New York the statute authorizes a lien where the work was performed or the material furnished under a contract with the owner, or by his consent, and even under such a statute, the courts of that state hold that in a lease wherein the tenant expressly agreed to keep the premises in good order and repair during the term, and at his own cost and expense, the landlord is not liable under a contract for repairs made by the tenant. [Aetna Elevator Co. v. Deeves, 108 N. Y. Supp. 718, same case, 110 N. Y. Supp. 124.]

By the terms of the lease in question, we are informed that the premises were in first class condition at the time the lease was made, and there is nothing in the lease requiring the tenant to make any improvements upon the property. He is only required to keep the property in its then first class condition, and in case any part shall break, to replace the same with new material not inferior to the old.

The machinery was a mining plant and the tenant was to operate the same, using the boiler and other parts of the machinery. It is a well known fact that boilers will leak and will have to be patched, and that the flues do not last always, and whenever the tenant or person operating the same is to have the use thereof, it is necessary to repair the same from time to time. If the boiler was in first class condition when the tenant received it, then it is fair to presume that the patch put on by the plaintiff was an ordinary repair, caused from its use and wear. And so far as we are informed from the record, the flues were repaired for the same reason. In other words, it cannot be said from the testimony that the tenant was not under the legal obligation to make the repairs without the clause to that effect in the lease. And if this is true, then the case must be determined by the general rule, to-wit: That the property of the landlord is not liable in this state for ordinary repairs made to the premises under a contract with the tenant. The burden was upon the plaintiff to show that the tenant was the authorized agent of the defendant to have the repairs made, and it seems to us if he claimed they were special repairs required under the particular provisions of the lease, then he should have offered testimony to prove that fact, as the general rule is, that the particular repairs must be provided for in the lease, and even though a lease provides for certain repairs, the landlord is not liable for others. [Hankinson v. Vantine, 46 N. E. 292; Gowan v. Paddock, 137 N. Y. 188, 33 N. E. 154; Hammond v. Martin, 40 S. W. 347.]

The appellant relies on the cases of Dougherty-Moss Lbr. Co. v. Churchill, supra, Westport Lbr. Co. v. Harris, supra, and kindred cases.

In the Dougherty case, the tenant was required to expend a large sum of money in changing the property so as to make it useful as a theater, and by the

terms of the lease the tenant was compelled to make
such changes and improvements, and it was solely
from the fact that the lease provided for substantial
improvements that the lien was upheld.   The court
expressly recognized the rule declared herein, and
said: "We are not to be understood as holding that
the making of ordinary repairs or alterations by a
lessee with the consent of the lessor will subject to
liens more than the leasehold estate, for it is the duty
of the lessee to keep the premises in repair during
his tenancy.  In doing this he maintains the property
but does not enlarge it, and such repairs are consid-
ered as being for his sole benefit."

The repairs on the boiler in this case undoubtedly
were made for the sole benefit of the tenant, and in
order that he might operate the mining plant for his
profit.

In Aetna Elevator Co. v. Deeves, supra, there
was, as we have stated, in the lease, a covenant to
keep the premises in repair, and the court said: "A
provision similar to the covenant under consideration
has been in common use ever since the enactment of
the mechanics' lien statute, and we cannot find that
it has ever been held to constitute the necessary con-
sent upon which to base the landlord's liability."

The statute which gives to the laborer and ma-
terial man a lien, created a remedy not known to the
common law; and while it should receive a liberal con-
struction to secure the purposes which the Legislature
intended, it cannot be extended to a state of facts
not fairly within its general scope and purview.

In this case the plaintiff asked for a general judg-
ment against the defendant, and if he is entitled to
the lien prayed for he is entitled to such judgment.
The defendant did not personally make the contract
with plaintiff, and we cannot see, under the evidence
in this case, anything that warrants a general judg-
ment against it.  It is not claimed that Hollywood

was the agent of defendant, unless made so by the provisions of the lease above quoted.

We are of the opinion that for all that appears in the evidence in this case, the tenant was legally bound to have the repairs made, even though the lease had been silent upon that question. This being true, it is quite clear that the defendant is not liable.

The judgment will be affirmed. All concur.