**CAMPBELL v. TEEPLE et al.    (No. 7361.)**

(Court of Civil Appeals of Texas. San Antonio. May 6, 1925.)

1. **Appeal and error** ⬅➡934(2)—**Every presumption not inconsistent with record indulged in favor of judgment, and doubts as to facts resolved in support thereof.**

Where trial court was not called on to file findings of fact or conclusions of law, every presumption not inconsistent with record will be indulged in favor of judgment, and doubts as to facts raised by evidence under any view of the law resolved in support thereof.

2. **Mechanics' liens** ⬅➡95—**Materialman can only reach owner on his debt to original contractor at the time.**

Materialman can only reach owner or his property by virtue of indebtedness on his part to original contractor at the time.

---

**3. Mechanics' liens ⟂111(1)—No lien, where cost to owners of completing building exceeded amount due contractor.**

Though at time materialman made claim or gave notice thereof contract price had not been paid to contractor, where contractor, being unable to complete building, had turned it over to the owners, and cost of completion exceeded unpaid portion of contract price, no lien could be acquired.

**4. Mechanics' liens ⟂192—No lien attaches to estate or reversion of landlord for goods or fixtures sold tenant.**

No lien for goods or fixtures sold tenant can attach to estate or reversion of landlord, and, where goods are put into, or fixtures wrought into, building so as to become part of realty, materialman's lien attaches only to estate of tenant, subject to terms of lease and rights of landlord.

**5. Mechanics' liens ⟂63—Where tenant purchased fans on his own account, landlord not liable on regaining possession.**

Where tenant purchased fans for theater on his own account, and not as landlord's agent, landlord, by regaining possession on tenant's default, did not assume obligation to pay therefor.

**6. Fixtures ⟂4—Intent with which fixtures placed or attached looked to to determine question thereof.**

In determining question of fixtures, intent with which they are placed or attached to realty by tenant can be looked to.

**7. Mechanics' liens ⟂192—Fact that fans were necessary for tenant to carry on theater held insufficient to subject landlord's property therefor.**

Mere fact that fans purchased by tenant of theater building were necessary to carry on his business was insufficient to subject landlord's property to lien therefor.

**8. Mechanics' liens ⟂192—Lease held not to give materialman lien for 50 per cent. of cost of fixtures.**

Provision of lease that no lien or incumbrance should be upon furniture or fixtures placed in building for more than 50 per cent. of cost thereof *held* not to entitle materialman to lien on real estate to extent of 50 per cent. of cost of fixtures sold tenant.

Appeal from District Court, Tarrant County; H. S. Lattimore, Judge.

Suit by the Ranger Hardware Company against J. W. Teeple and others, in which W. M. Campbell intervened. From a judgment for intervener against defendant named only, and for defendants Simon, Sanger & Marx, intervener appeals. Affirmed.

Preston Martin, of Weatherford, and Goree, Odell & Allen, of Fort Worth, for appellant.

Slay, Simon & Smith and Hugh B. Smith, all of Fort Worth, for appellees.

COBBS, J. Simon, Sanger & Marx owned certain business lots in Ranger, Tex., upon which they caused to be erected a structure to be known as the Majestic Building. Certain material and fixtures were used in the building furnished by Ranger Hardware Company, to whose rights appellant succeeded. The principal items furnished by the Ranger Hardware Company were 30 fans, on August 7, 1920, of the aggregate value of $1,026.64. The rest of the account amounted to $101.72, made up of miscellaneous items of material. The Ranger Hardware Company filed its verified itemized account in the county clerk's office to fix a materialman's lien on the property.

Simon, Sanger & Marx entered into a written contract with J. W. Teeple and R. S. Wilkie for the erection of the building in accordance with certain plans and specifications, which did not expressly call for the construction of or putting any fans therein. The contract contains a provision for leasing the property when completed to John Maniatis and P. L. Bible for rental purposes, which lease contract contained a provision providing, as in the building contract itself, for the construction of the building for the price of $65,000, and $10,000 to be retained by the owners for the faithful performance of the lease contract, and providing that all furniture and fixtures placed into said building shall be paid for so that no lien or incumbrance shall be upon the same for more than 50 per cent. of its cost.

J. W. Teeple succeeded to all the rights of the lessees under the prior contract prior to the completion of the building, and undertook the construction of the building, and installed the fixtures mentioned which were not covered by the contract.

Teeple was unable to complete the building under his contract, and the building was completed by the owners; Teeple remaining on the job in their employ. During the course of construction the building was equipped as a theater, and as a part of the equipment the fans in question were installed for use. After completion, the theater building was operated for a time by Teeple as lessee. Teeple was not able to carry out the lease contract for its full term, and the building and the fixtures were taken over by Simon, Sanger & Marx.

Payment for the fans and material used in the building being refused, suit was brought therefor in the district court of Eastland county, Tex., on April 30, 1921, in which suit Teeple and Simon, Sanger & Marx were made parties defendant, and a personal judgment was sought against said defendants as well as a foreclosure of the materialman's lien. In this suit the appellant, Campbell, intervened on July 1, 1921, and set up his ownership of the cause of action, and likewise sought personal judgment against the defendants and a foreclosure of the lien. It was averred also that the defendants Simon, Sanger & Marx

⟂For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

had converted to their own use the items furnished by the Ranger Hardware Company, and personal judgment on this additional ground was sought against said three defendants. In addition to the pleading referred to a trial amendment was filed, in which the constitutional lien was also pleaded.

The defendant Teeple made no appearance, but the defendants Simon, Sanger & Marx pleaded certain exceptions, a general denial, a denial of partnership, and specially pleaded that the items which formed the basis of the suit, if furnished, were furnished to Teeple and Wilkie as independent contractors, and that the said contractors were fully paid by Simon, Sanger & Marx prior to receiving notice of the claim in controversy. No claim of any landlord's lien or other right was pleaded by said defendants.

The case was transferred to the District Court of Tarrant county, Tex., where it was tried before the court without a jury on January 15, 1924, which trial resulted in a judgment in favor of the intervener against J. W. Teeple for the amount of the debt and a judgment in favor of the defendants, Simon, Sanger & Marx. A foreclosure of the materialman's lien was also denied.

No findings of fact or conclusions of law were requested or filed by the court. The first, second, and eighth propositions are to the effect that the court erred in not allowing a foreclosure of the alleged materialman's lien for $101.72. And the third, fourth, fifth, sixth, and seventh propositions are to the same effect that the court erred in not giving judgment foreclosing the lien for $1,026.64, the cost of the fans.

We will discuss all these propositions together. Really, these assignments are subject to the very vigorous assault made on them by appellees. While this court, whenever it can consistently do so, overlooks a failure to brief cases exactly as the rules seem to indicate, and when an error is shown to have been made by the trial court, and the record shows an objection made to such ruling preserved and pointed out by an assignment in the brief, it will likely be considered, for we have no higher function here or desire other than to see that a case has been fairly tried and justice administered. In fact, at most, here the propositions amount to a complaint, in effect, that the court rendered the wrong judgment, which should have been for intervener against appellees.

[1] As the trial court was not called upon to file any findings of fact or conclusions of law, we will say at the very outset that every presumption not inconsistent with the record will be indulged in favor of the judgment, and any doubts as to the facts raised by the evidence and any view of the law which the trial court could have applied under the pleadings and evidence in the case will be resolved in support of the judgment. This law is well settled.

[2, 3] There is evidence to support the judgment that before any claim was made or notice given thereon that the building had been completed or turned over for completion by the owners, and that at such time the owners owed nothing to the contractor Teeple, who was also the tenant. Really, the law is too well settled to need citation of authorities that a materialman can only reach the owner or his property by virtue of an indebtedness on his part to the original contractor at the time. The evidence shows, as we must assume, for it was so found by the court, that, when the affidavit was filed, the owners were not indebted in any sum to the contractors; the contractors being indebted to the owners. If the contract price had not been paid out to the contractors, still it was shown that it required more money than the unpaid portion of the contract price to complete the building, and in no event, therefore, could a lien be acquired by appellant upon the property in question.

As to the item of $1,026.64 for the fans, for which appellant claims a lien, so far as any claim under the contract that the fans were embraced therein, it must be assumed that the court found both as a matter of fact and law that these fans were not called for in the plans and specifications or in the contract, neither by specific language nor by any inference.

Teeple himself had an interest in the lease contract that he acquired from the original lessees. He bought these fans, just as he did the seats, on his own personal responsibility and for his own use as a tenant in the building. To show that he so understood it he mortgaged the fans together with the seats as his property.

The affidavit and effort to create a lien upon the property was after Teeple's failure to construct the building and after his tenancy and lease was forfeited for nonpayment of rent. Teeple had become hopelessly insolvent, and abandoned his tenancy of the building. He was to pay $2,000 per month rent. Besides that, he owed the additional sum of some $35,000, the additional cost, in addition to the contract price for the erection of the building. The building cost around $105,000 or $107,000.

[4] No lien can attach to the estate or reversion of the landlord, and, where goods have been put into, or fixtures are wrought into, a building so as to become a part of the realty, the materialman's liens can only attach to such estate of the tenant as he possesses and subject to all the terms and conditions of the lease and to all the rights of the landlord or owner, so that when the lease has been terminated and forfeited, the tenant has no estate left to which such a lien may attach. There is nothing upon which a materialman can foreclose.

No statute in this state provides for fixing

any lien upon the landlord's reversion or estate for goods furnished to a tenant.

The position taken by appellant, and contended for, that the fans were permanent improvements and permanently attached as fixtures so that they became a part of the realty for the purpose of fixing the lien is not sound. The authorities show the rule to the contrary. Penfield v. Harris, 7 Tex. Civ. App. 659, 27 S. W. 762; Hammond v. Martin, 15 Tex. Civ. App. 570, 40 S. W. 347; Sheer v. Cummings, 80 Tex. 294, 16 S. W. 37; McGuinn v. Federated Mines & M., 160 Mo. App. 28, 141 S. W. 467; Williams v. Vanderbilt, 145 Ill. 238, 34 N. E. 476, 21 L. R. A. 489, 36 Am. St. Rep. 486; Lepage v. Laux (Mo. App.) 211 S. W. 898; Nicholstone City Co. v. Smalley, 21 Tex. Civ. App. 210, 51 S. W. 527; Galveston Ex. Ass'n v. Perkins, 80 Tex. 62, 15 S. W. 633; Smith v. Huckaby, 4 Tex. Civ. App. 80, 23 S. W. 397; Gardner v. Sullivan Mfg. Co., 77 Ind. App. 60, 133 N. E. 31; 15 A. & E. Enc. of Law, p. 19 to 22; 20 A. & E. Enc. of Law (2d Ed.) pp. 317–320; 27 Cyc. pp. 31, 56, 58, 405; Moore v. Vaughn, 42 Neb. 696, 60 N. W. 914; 6 L. R. A. (N. S.) note, page 486; S. F. Bowser & Co. v. Cain Auto Co. (Tex. Civ. App.) 210 S. W. 554; 62 L. R. A. pages 376, 377, note; 23 L. R. A. (N. S.) 601–620, note; Wilson v. Gevurts, 83 Or. 97, 163 P. 86, L. R. A. 1917D, 575–578; Stenberg v. Liewnemann, 20 Mont. 457, 52 P. 84, 63 Am. St. Rep. 636.

In the case of Penfield v. Harris, 7 Tex. Civ. App. 659, 27 S. W. 762, a case decided by this court, in which the opinion of the court was delivered by our present Chief Justice construing article 5621, R. S., it was said:

"The lien contemplated in the above statute can be fixed on improvements, machinery, and fixtures placed on land by no one except by authority of the owner of the land, his agent, trustee, contractor, or contractors. * * * There is no pretense that defendants in error authorized plaintiffs in error to furnish material for the improvements, and the liens are sought to be fixed by a contract with Alvord [tenant]. * * * No liens were placed on the improvements by virtue of the affidavits, even though defendants in error [landlords] had no written lien on the improvements. But defendants in error had a statutory lien on all the improvements to secure their rents, independent of the written contract [here referring to the lease]. * * * Plaintiffs in error [materialman] had no kind of lien on the property whether it became a part of the improvements of the freehold or not. If the property became improvements on the land, then the lien for material furnished could not attach, because Alvord did not own the land; and, if the property did not become improvements on the land, then the lien could not attach, because the lien for material cannot attach independent of connection with the land."

[5] The evidence is abundant to support the finding that Teeple contracted for the fans on his own account and not as appellee's agent. If, as contended by appellant, the fans were a part of the building, they became realty, and went with the ownership of the soil. Teeple contracted for them on his account, and mortgaged them as his own property, and there is nothing to show that the owner ratified the purchase. The fact that appellees regained possession of the building, in the absence of an agreement, it cannot be held that they assumed any obligation to pay for the fixtures placed therein by the tenant without authority. Sheer v. Cummings, supra; Williams v. Vanderbilt, supra; Galveston Ex. Ass'n v. Perkins, supra.

[6] In determining the question of fixtures, as in this case, the intent with which they are placed or attached to the realty can be looked to. There can be no doubt but that when Teeple placed the fixtures there it was with the intention that they should be his property and be moved by him at the determination of the lease.

Teeple occupied the building, and the owners recognized him as a tenant, and received one check as payment for the first month's rental, which turned out to be a bad check, and after staying the second month without paying, the building was taken from him. The mortgage which Teeple gave on the fans to the First National Bank was foreclosed and also the landlord's lien. The doctrine is very clearly stated by Justice Fly, our present Chief Justice, in Penfield v. Harris, supra:

"Plaintiffs in error had no kind of lien on the property, whether it became a part of the improvements of the freehold or not. If the property became improvements on the land, then the lien for material furnished could not attach, because Alvord did not own the land; and, if the property did not become improvements on the land, then the lien could not attach, because the lien for material cannot attach independent of connection with the land."

The same doctrine is announced repeatedly in some of the cases cited above.

We cannot see how the fans placed in the building under the circumstances of this case would justify the fixing of the claimed statutory lien upon the realty in violation of the intent of the parties at the time the fans were placed in the building. Chambers v. Geo. Vasser Sons & Co., 81 Misc. Rep. 562, 143 N. Y. S. 615; Fulp & Linville v. Kernersville, 157 N. C. 154, 72 S. E. 869; Ricker v. Schadt, 5 Tex. Civ. App. 460, 23 S. W. 907.

[7] The mere fact that the fans were a necessity for the tenant to carry on his business is not sufficient to subject appellees' property to the lien. It related solely to the tenant's business. The evidence shows that the owners had nothing to do with the installation of the fans in the building; never consented thereto, ratified nor confirmed the same. The owners had no knowledge of any such claim on the part of appellant un-

til long after they had settled with Teeple.

[8] We do not construe the particular provision of the contract in regard to the requirement "that no lien or incumbrance shall be upon the same for more than fifty per cent. of the cost thereof," as appellant does. It is not contended that appellant secured any express mortgage lien upon this property, in which he held such a claim as would entitle him to the benefit of an express lien to the extent of 50 per cent. of the cost or any other sum. He does not do that, and does not show any rights thereunder to have a mechanic's lien impressed upon the real estate in question.

Finding no reversible error assigned, the judgment of the trial court is affirmed.