## WILLARD v. GEARY.

### No. 2719.

Court of Civil Appeals of Texas. El Paso.
Sept. 29, 1932.

Rehearing Denied Oct. 20, 1932.

Wilson, Randal & Kilpatrick, of Lubbock, for appellant.

N. R. Morgan, of Lamesa, for appellee.

HIGGINS, J.

On August 13, 1924, appellant, Willard, and L. D. Smith entered into a contract whereby the former agreed to sell to Smith a tract of land. Smith paid $1,000 and agreed to pay an additional $2,710 in eleven annual deferred payments. Smith also agreed to permanently establish his home upon the land and himself or by tenant to improve, cultivate, and occupy the land and continue so to do until the land was paid for and conveyed to him. Upon payment being made of the deferred payments and compliance by Smith with his other agreements, Willard was to convey the land by general warranty deed.

On December 16, 1930, Willard recovered judgment for the land against Smith, W. B. Jamison, and others not necessary to mention. On the same date Willard filed this suit against the appellee, Geary, to enjoin him from removing certain improvements on the land. Geary was temporarily enjoined from so doing.

Geary answered to the effect that he had rented the land for the years 1929 and 1930 from W. B. Jamison, and, under his contract with Jamison, he had the right to remove the improvements in question. He asked for judgment over against appellant for the value of the improvements which he had been prevented from removing by the injunction.

Upon special issue findings judgment was rendered denying appellant any relief and in favor of Geary upon his cross-action for $131.75. The findings need not be stated further than to say they establish Geary's right to remove the improvements under his contract with Jamison.

The numerous questions presented in appellant's brief need not be considered for, under the undisputed facts, the judgment should be reversed and rendered in favor of appellant. We will consider only that phase of the case which calls for that disposition of the appeal.

The contract between Willard and Smith provided that, upon the failure of Smith to comply with the stipulations thereof, Willard should have the right to enter upon the land and take immediate possession thereof together with the improvements thereon. The improvements in question were permanent in their nature and of the kind contemplated by the covenant of Smith to improve the land. Jamison was a remote assignee of Smith's rights under the contract.

It is plain that, if the improvements had been made by Smith, he would have had no right to remove the same. The rule is thus stated in 11 R. C. L., title Fixtures, §§ 12 and 27, as follows:

"As between a vendor and vendee under an executory contract of sale of land, the fixtures attached by the vendee in possession become part of the realty, and where through his failure to perform his part of the contract he fails to acquire title they cannot be removed by him. * * *"

"A vendee in possession of land under an executory contract of purchase has no right to erect a building on the premises as property separate and distinct from the freehold, and an intention to do so, no matter how clearly manifested, is of no avail, without an agreement, express or implied, with the landowner that it shall not become part of the realty. This must be so where the vendee fails to fulfill the contract and acquire title."

See, also, Glenn v. Shamburger (Tex. Civ. App.) 240 S. W. 701; Bateman v. Brown (Tex. Civ. App.) 297 S. W. 773; Sheer v. Cummings, 80 Tex. 294, 16 S. W. 37.

Jamison had no higher right than Smith. Nor could Geary, the tenant of Jamison, have any higher right. It is not claimed Willard assented to the contract by which Geary was to be permitted to remove the improvements.

It follows the judgment is erroneous and it will be reversed and here rendered granting appellant the relief sought and denying Geary any relief upon his cross-action.

Reversed and rendered.