### Simpson & al. *versus* Bowden.

The law will not raise an *implied* contract, conferring authority to do an act, when there existed no legal right to make an *express* contract, authorizing such an act.

Of the right to waive the tortious character of an act and to maintain suit upon an implied contract for the act.

Reversioners, entitled to land only upon the determination of a life estate, have no right to authorize the cutting, (during the life estate,) of trees standing upon the land.

On Exceptions from *Nisi Prius*, Howard, J. presiding.
Assumpsit.

The evidence for the plaintiffs tended to show, *that* one G. S. was tenant for life of a lot of land, on which trees were growing, and that the plaintiffs were the reversioners, entitled to the land upon the determination of that life tenancy ; *that* the defendant cut trees upon the lot and of some of them made wood for his house and repairs upon his vessel·; *that* the acts of the defendant were done in the day time, and were continued for many days; *that* the tenant for life residing upon the lot, and the plaintiffs residing within a few rods from it had full opportunity to see the cutting and the hauling away of. the timber ; and also *that* since those acts the life estate had been determined by the death of the tenant.

Upon this evidence, the defendant contended, that an action in this form, (assumpsit,) could not be maintained, and thereupon the Judge ordered a nonsuit, to which order the plaintiffs excepted.

*E. E. Bourne,* to show that *assumpsit* is maintainable upon the evidence, presented the following considerations : —

1. From the openness with which the cutting and hauling were done, and from the plaintiffs' opportunities of seeing the operation, the jury might have inferred, that the plaintiffs had knowledge of the defendant's acts, and from that knowledge, without prohibition or objection made by them, it was fairly deducible by the jury, that the plaintiffs assented ; and from such assent, the law would imply a promise. *Foster.*v. *Dixfield,* 18 Maine, 380.

2. The growing timber belonged to the inheritance.

The life tenant had no rights in it. The plaintiffs therefore, being the reversioners, might have maintained trespass against the defendant for taking it away. And if so, they might waive the tort and sue in *assumpsit. Frothingham* v. *Mc-Cusick,* 24 Maine, 403 ; *Stowell* v. *Pike,* 2 Maine, 387.

3. By the death of the life tenant, the defendant's acts were purged of tort, making *assumpsit* the proper form of action.

4. The acts proved did not constitute a trespass within the provision of the R. S. chap. 119, sect. 10, which has essen-

tially modified the common law definition of trespass; inasmuch as it is there made requisite to allege and to prove, that the act, amounting to trespass, was *without the consent of the owner.* But the very bringing of this suit in assumpsit negatives the want of such assent.

5. All authorities maintain that, when the defendant has sold or had the benefit of the property, the tort may be waived. Reports passim.

The using the timber for fuel and for repair of the vessel were equivalent to a sale. *Lightly* v. *Couston*, 1 Taunt. 112.

6. Tort can be waived and assumpsit maintained in all cases where the defendant is not injured by it. *Hill* v. *Davis*, 3 N. H. 384; *Webster* v. *Drinkwater*, 5 Greenl. 319; *Chaney* v. *Yeaton*, 1 N. H. 154; *Linden* v. *Hooper*, Cowper, 414; 6 T. R. 695.

7. The position, that a tort cannot be waived, is in opposition to a sound public policy, and opposed to the first principles of the Christian religion, which is a part of the common law. It is inconsistent with the spirit of the age and of the tenor of our legislation, that forms of law should prevail, in opposition to justice.

The maxim that no one shall take advantage of his own wrong is a salutary one, and ought to be rigidly adhered to.

*J. Shepley* and *Hayes*, for the defendant.

TENNEY, J., orally. — There in no evidence of any express contract between the parties for the purchase of the timber, and the case shows a wrongful taking of it.

The plaintiffs contend, that they may waive the tort and maintain their action, as on an implied contract.

It may be a nice question to determine precisely where the line is to be drawn, between cases in which a party may waive a tort and bring an action of *assumpsit*, and where he is not permitted to do this. The Court do not deem it necessary for the decision of this case, to consider that question.

The law will not *imply* a contract, where an *express* con-

tract is proved. Nor will the law *imply* a contract in a case where the parties cannot legally make an *express* contract.

The plaintiffs had no present interest in the land where the defendant cut and converted the timber. They could not legally contract for the severance and sale of the timber there standing. The parties being legally incapable of entering into an *express* contract of that character, the law cannot *imply* one.           *Nonsuit confirmed.*