FRONT RANK STEEL RANGE COMPANY, Appellant, v. W. L. JEFFERS et al., Respondents.

St. Louis Court of Appeals, February 21, 1899.

Practice, Trial: EVIDENCE: ADMISSIBILITY OF DEPOSITIONS. In the case at bar, the trial court, on the objection of the defendant refused to allow the plaintiff to read in evidence a deposition taken by it. Held that as the defendant had no notice of the taking of the deposition, the court could not have ruled otherwise.

*Appeal from the Stoddard Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

KEATON & COOK, ROBT. L. McLARAN and J. W. YOUNG for appellant.

The deposition of Harrison should have been admitted. The error on which it was ruled out was merely a clerical one, which in no way injured defendants or led them astray. Moreover, the objection to the deposition came too late at the trial. An irregularity or formal defect of this nature will be deemed waived unless made before the trial begins, and the proper method is by motion to suppress made before the trial. Bell v. Jamison, 102 Mo. 71, is a case similar to this. Here the party

served with notice, and his attorney, failed to attend the taking of the deposition, believing the notice was defective, but the court held that an objection thereto came too late at the trial. Other decisions are to the same effect. Delventhal v. Jones, 53 Mo. 460; Delisle v. McGillivary, 24 Mo. App. 680; Holman v. Bacchus, 73 Mo. 49. But aside from this, the letters were admissible under a special exception in the rules of evidence regarding the identification of written documents. It is held that where letters are received in reply to others proved to have been sent to a party, they are admissible in evidence without proof of the party's handwriting, and letters of an earlier date in the same handwriting may be read without further proof. 3 Greenl. on Ev. [Lewis' Ed.], sec. 573a; Kloes v. Wurmser & Louis, 34 Mo. App. 453, 456.

N. A. MOXLEY for respondents.

We take it there is a material difference between a merely formal defect or irregularity in a notice to take depositions and no notice at all. The case of Bell v. Jamison (102 Mo. 71), which is the leading authority cited by appellant is one in which the court say: "Attached to the deposition was a proper and formal notice to take the deposition certified to have been served in the proper manner and in time.". The deposition was taken by the proper officer at the time and place stated in the notice, and was duly authenticated. Ibid, bottom page 75. Appellant's second assignment is equally without merit. The Leet letters were not identified. State v. Grant, 74 Mo. 33. These letters do not come within the exception announced by Greenleaf. They were not shown to have been received in reply to letters sent to appellant by Albert Leet & Company. The exception will not be enlarged so as to render inoperative the general rule. "The right of a materialman to a lien depends upon whether he gave the credit on the faith of the structure into which the material entered." Rand v. Grubs, 26 Mo. App. 591.

BIGGS, J.—This is an action to recover of the firm of Leet & Company the purchase price of a furnace and fixtures, and to enforce a mechanic's lien therefor against a building owned by the defendants, W. L. and Emily M. Jeffers. It is not disputed that the plaintiff sold the furnace to Leet & Company; that it was placed in a building belonging to defendants W. L. and E. M. Jeffers, and that Leet & Company had not paid for it. It is also undisputed that within the prescribed time the plaintiffs filed a mechanic's lien on the building, and that all of the statutory requirements in reference to said lien were observed. The contention of the plaintiff at the trial was that Leet & Company bought the furnace from plaintiff under a special order from Jeffers and for the specific purpose of putting it in the building in question. On the other hand the contention of defendants was that Leet & Company, who were engaged in the hardware business, bought the furnace in the regular course of business and afterwards sold it to Jeffers. The plaintiff's theory was presented in several instructions asked by it, and that insisted on by defendants was submitted under an instruction given by the court of its own motion. The jury returned a verdict against Leet & Company for the debt and in favor of Jeffers as to the lien. On this appeal the plaintiff complains of the action of the court in refusing an instruction asked by it; that the instruction given by the court was without evidence to support it, and that the court committed error in its rulings as to the evidence.

In the first instruction for plaintiff the jury was told in substance, that if Leet & Company bought the furnace for Jeffers and wife and under a contract with them, and it was to be placed in the building in question, that it was so used, and that the plaintiff sold it with that understanding, then the plaintiff was entitled to the enforcement of its lien, etc. It complains, however, of the refusal of the court to give the following instruction:

"The court instructs the jury that in this case it is not necessary for the plaintiff to show any contract whatever between the plaintiff and W. L. and Emily M. Jeffers, or that there should be any privity of contract directly between them and plaintiff in order to establish a lien in favor of the plaintiff against the property of the said defendants, W. L. and Emily M. Jeffers. If the jury find and believe from the evidence that plaintiff furnished the furnace described in the proceedings for the defendants' hotel building, and the furnace actually entered into said building and became a fixture and a part thereof, or an improvement thereunder, by virtue of a contract between Albert Leet & Co., and the plaintiff, the jury will find a verdict for plaintiff that the plaintiff have a lien against the property of said defendants, W. L. and Emily M. Jeffers, for the payment of the amount due plaintiff for said furnace and appurtenances."

This instruction seems to have been drawn on the idea that the plaintiff was entitled to a mechanic's lien if Leet & Company bought the furnace with the expectation of placing it in the building and that it was so used. The statute provides: "Every mechanic or other person, * * * furnishing any material, fixtures * * * for any building, * * * under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor, or subcontractor, shall have a lien, etc." (R. S. 1889, sec. 6705.) It will be seen that the instruction is not within the statute. It entirely ignores the question of a contractual relation between Leet & Company and Jeffers as to the furnace at the time of its purchase from plaintiff. For this reason the court was justified in refusing it.

The court of its own motion instructed the jury as follows:

"If the jury shall find from the evidence in the case that defendant justly bought of Albert Leet & Company the furnace sued for herein, together with the pipes, etc., and other

things used in connection therewith, in the ordinary course of their business, then your verdict should be in favor of the defendants, W. L. and Emily M. Jeffers."

The objection to this instruction is that there is no evidence that the furnace was purchased in the regular course of business. This contention is not borne out by the record. Leet stated that the furnace was bought in that way, and there is other testimony and other circumstances from which this disputed fact is fairly inferable.

On the objection of the defendants at the trial the court refused to allow the plaintiff to read in evidence a deposition taken by it. The court could not have ruled otherwise, as the defendant had no notice of the taking of the deposition. A notice was served on them on the second day of June, 1897, that certain depositions would be taken on the ninth day of May, 1897. This was no notice at all. The authorities relied on by counsel apply only where there are formal defects or irregularities in the notices to take depositions. In such cases objections come too late after the parties have gone to trial. Bell v. Jamison, 102 Mo. 71.

NOTICE to take depositions.

The plaintiff offered a letter purporting to have been written to it by Leet & Company, concerning the furnace in question. The letter was not sufficiently identified, which justified the court in declining to allow it to be read. Besides if it had been admitted, its contents would have only been cumulative evidence. The judgment of the circuit court will be affirmed. All concur.