ALBERT RICHARDSON, Administrator, Respondent, v. MATT O'CONNELL, Appellant.

**Kansas City Court of Appeals, March 4, 1901.**

1. **Mechanics' Lien: PARTNERSHIP: CONTRACT.** A right to a mechanic's lien rests on a valid contract between the lienor and the owner or other statutory party, and the administrator of a partnership estate can' make no valid contract binding the partnership to furnish material, and so can not enforce a lien for such material.

2. ———: ———: CHANGE OF THEORY. Where the administrator fails to bind the partnership so it is unable to enforce a lien, he is not entitled to a personal lien since his suit and account is founded on another theory which he can not change.

3. ———: ———: IMPLIED RIGHT. Where the administrator of a partnership estate has failed to make a contract that binds, the law will not imply a lien, there being no privity between him and the landowner, and besides, an implied promise can not exist where an express one would be void.

4. **Appellate Practice:** SUFFICIENT ABSTRACT. Though there may be doubt and confusion as to the agreement of counsel in regard to the matter in the abstract, the appellate court may pass upon such points as are presented by the agreed facts contained in such abstract.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

REVERSED.

*R. H. Field* for appellants.

(1) Parties furnishing material for improvements upon land had no lien at common law. The lien of a mechanic and materialman is of statutory creation and the right thereto is strictly construed. The lien claimant must be within the very terms of the statute or he is not to be deemed included therein. Phillip Mechs. Liens, secs. 48 to 52. (2) The condition precedent to a right to a lien under this statute as by the very terms thereof is, that the lien claimant shall have furnished the material for which the lien is claimed under or by virtue of a contract with the owner or his contractor. Mill Co. v. Brundage, 25 Mo. App. 268; Duross v. Broderick, 78 Id. 260; Guy v. DuUprey, 16 Cal. 196; Davis v. McDonough, 109 Id. 547. (3) The death of Henry Heins dissolved the partnership of Richardson & Heins, and terminated for all time Richardson's general power as partner to contract on behalf of the firm. Roberts v. Hendrickson, 75 Mo. App. 484, 490; see, also, Miller v. Hoffman, 26 Mo. App. 199; White v. Gardner, 37 Tex. 407; Hogins v. Brashears, 13 Ark. 242; McAdow v. Miltenberger, 75 Mo. App. 346; O'Connor v. Railroad, 111 Mo. 185, 192. (4) The statutory right to a lien is based upon a valid contract, and not upon estoppel. Towner v. Remick, 19 Mo. App. 208; Hoffman v. Walton, 36 Mo. 617.

Between the owners of the property and the subcontractors there is no equity, because there is no privity of contract.    Phil. on Mech. Liens, sec. 349; Wheeler v. City of Poplar Bluff, 149 Mo. 36.

*Jere T. Dew* for respondent.

(1)    The contract contemplated by the statute and authorities cited by appellants under their first point, is a contract with the owners of the property for the improvements. This contract between appellants as owners with Matt. O'Connell as contractor for said improvements, is expressly admitted by appellants in their answer.    R. S. 1899, sec. 4203.    (2) This is not an attempt of the administrator to bind the firm estate, but it is an attempt to the administrator to collect the price of material furnished for appellants' houses while carrying on the business and winding up the affairs of the estate.    As administrator as surviving partner this respondent had a right to carry on the business of the concern a reasonable time, in winding up the estate to the best advantage.    3 Williams on Executors (6 Am. Ed.), p. 1795; Merritt v. Merritt, 62 Mo. 150.    (3)    Appellants appear to concede the existence of a right to a lien and to have it perfected and sustained in favor of respondent in his individual name.    There is abundant authority that the title of representative character may be regarded as surplusage and a judgment in this case rendered for plaintiff in his individual name.    Horney v. Dimocke, 1 Ventris, 119; Hargraves v. Holden, 1 Cr. M. & R. 580, note; Daniels v. Richie, 7 Blachf. (Ind.) 391; 3 Williams on Ex. (6 Am. Ed.), p. 1872.    (4)    An obligation entered into with him as such administrator in connection with the estate's affairs can be enforced by him in his representative capacity.    Holman v. Nance, 84 Mo. 674; Mosman v. Bender, 80 Mo. 579; Aspin-

wall v. Wake, 10 Bing., p. 25; Rector v. Langham, 1 Mo. 569; Dicey on Parties, p. 216; Cowel, Admx. v. Watts, 6 East Rep. 456; 3 Williams on Ex., p. 1872 (878, 879, 880, vol. 2), bottom paging, and cases cited; Merritt v. Seaman, 6 Barb. 330; Mowrey v. Adams, 14 Moss. 327; Lawton v. Railroad, 8 Cush. 230; Roberts v. Hendrickson, 75 Mo. App. 484; Tomlinson v. Ellison, 104 Mo. 112; Walker v. Owen, 79 Mo. 563; Hollmann v. Lange, 143 Mo. 104; R. S. 1899, sec. 4203.

ELLISON, J.—This is an action to enforce a mechanics' lien in which plaintiff prevailed in the trial court, and defendants Myers, owners of the property, appeal. The action is brought by "Albert Richardson as administrator as surviving partner of the estate of Richardson & Heins (Henry Heins, deceased)," against O'Connell as contractor and defendants George M. and Laura V. Myers as owners of the property sought to be charged with the lien. O'Connell, the contractor, to whom the material was furnished by Richardson, made no defense and did not appeal. The defendants Myers at the trial offered the following instruction which was refused:

"If there was no contract between plaintiff, Richardson & Heins and O'Connell for any part of the bill of materials sued on, before the death of Henry Heins, and the materials sued for were not in the stock of Richardson & Heins and was not owned by them at the time of the death of Henry Heins, then the lien in this case can not be sustained."

It appears that Richardson & Heins were partners engaged in the planing mill business up to the death of Heins which occurred on the first day of June, 1899. That after the death of Heins, Richardson became administrator of the partnership estate and continued the business. The material now in contest was furnished to O'Connell for the Myers building and orders were given for it by O'Connell after the death

of Heins. It, therefore, appears that the partnership of Richardson & Heins had no contract to furnish the material in suit. On the other hand, it was affirmatively shown that Richardson, the surviving partner, undertook, as an independent proposition after his partner's death, to contract in the name of the partnership, for the sale of the material. He had no right or authority to create obligations by the firm after the death of Heins; for, the latter's death operated as a dissolution of the partnership, and his power to bind it contractually ceased. Roberts v. Hendrickson, 75 Mo. App. 484; Exchange Bank v. Tracy, 77 Mo. 599.

The case of Miller v. Hoffman, 26 Mo. App. 199, is like this in essential particulars, and it was there held, in an opinion by Judge ROMBAUER, that a mechanics' lien for material furnished to a contractor after the death of a partner could not be enforced by the surviving partner against the property of the owner. The only material point of difference between that case and this, in the respect here considered, is that in that case it does not appear that the surviving partner brought the action as administrator of the partnership estate, while here the action is so brought. That fact, however, can make no difference in the result reached. Richardson had no authority to contract *new* obligations for the dissolved partnership. The right to a lien must rest on a valid contract between the lienor and the owner or other statutory parties.

In view of the fact that at the death of Heins none of the material furnished O'Connell was in stock and that it was purchased by Richardson after the death, it might be suggested that Richardson should be allowed a lien. But it will not be of service to him in this action to inquire into what would have been his rights as an individual, since the suit is founded upon the other theory and the lien account, as well as the notice thereof, are in the name of plaintiff as administrator. His ac-

tion from the beginning of his attempt to enforce the lien has been inconsistent with an individual claim.

It is said that there is an implied promise by the Myers (by force of law) to pay for the material that went into their houses. This can not be. In the first place, Myers had nothing to do with the purchase of the material. It was obtained from Richardson on the order of O'Connell, the contractor. But above all there can not be an implied promise where an express promise of the same thing would be void. Simpson v. Bowden, 33 Maine 549. It follows from the foregoing views that defendants' instruction above set out should have been given.

Objection is made to the sufficiency of defendants' abstract and it is asked that their appeal be dismissed. Several conflicting and confusing affidavits are filed here on the subject of verbal agreements made by counsel in the cause in relation to the abstract, especially as to corrections and additions. It is sufficient to say that the abstract, as originally made, presents the points here considered. Indeed, there is no difference between the parties as to the facts on which we dispose of the case.

The judgment will be reversed. All concur.

