H. D. HENGSTENBERG et al., Respondents, v. W. F. HOYT et al., Appellants.

Kansas City Court of Appeals, November 28, 1904.

**MECHANICS' LIENS:** Evidence: Contract.   A mechanic's lien is founded upon contract, and a materialman must show that a contract existed between the landowner and the principal contractor in order to make out a prima facie lien for material furnished such contractor.

Appeal from Maries Circuit Court.—*Hon. John W. Mc-Elhinney,* Judge.

REVERSED AND REMANDED.

*W. S. Pope* for appellant.

(1) The evidence fails to disclose any contract between plaintiffs and defendant for the construction of the building into which it is claimed the material went, and the case must therefore be reversed on the following authorities: Hause v. Thompson, 36 Mo. 450; Hause v. Carroll, 37 Mo. 578; Barker v. Berry, 8 Mo. App. 446; Mill Co. v. Brundage, 25 Mo. App. 268; Davis v. Creamery, 63 Mo. App. 477; McDow v. Sturvant, 41 Mo. App. 220; Duross v. Broderick, 78 Mo. App. 260; Lumber Co. v. Steps, 157 Mo. 366; Richardson v. O'Connell, 88 Mo. App. 12.

*John O. Holmes* and *Leslie B. Hutchinson* for respondent.

(1) The authorities cited by the appellant in her brief in support of her first contention are not in point as a careful review of the same will show. (2) In the case at bar, the court sitting as a jury had a right to infer from the facts proven that there was a contract and the court will not disturb such finding.   Bluedorn

v. Railroad, 121 Mo. 270; Ham v. Barret, 28 Mo. 388; Ins. Co. v. Weid, 11 Wall. 440; 1 Greenleaf on Evidence, sec. 48; Burkholder v. Henderson, 78 Mo. App. 295. The lien account is not of itself a pleading. It may be considered as evidence in the case. McMurray v. Taylor, 30 Mo. 263.

SMITH, P. J.—This is an action to enforce a mechanic's lien. The petition alleged, and the answer denied, that plaintiffs furnished the materials specified in their lien account for repairing and plastering a certain hotel building situate upon certain land—describing it—of which the defendant, Mrs. Jones, was the owner under and by virtue of a contract with defendant Hoyt who was the contractor with the defendant, Mrs. Jones, for making said hotel improvement.

The theory of the mechanic's lien law is founded upon contract. By no other means can one man justly and legally acquire a claim upon the property of another. Every building contract is made with reference to the existing law which thus becomes incorporated with its terms. The owner's contract with the builder empowers the latter to procure materials from the materialman, who thus, in his secondary position, is placed in a contract relation with the owner. The materialman or subcontractor derives all his claims from the original contract and to the terms of which he must look for the extent and limits of his capacity to fasten a lien on the land. A mechanic's lien is only given where the work is done or materials furnished by virtue of a contract with the owner of the improved land, or with his contractor or subcontractor. [R. S. 1899, sec. 4203; Duross v. Broderick, 78 Mo. App. 260, and case there cited; Lumber Co. v. Myers, 87 Mo. App. 671; Richardson v. O'Connell, 88 Mo. App. 12; Range Co. v. Jeffers, 79 Mo. App. 174.]

It is thus seen that when it is sought to establish a lien, as here, for materials furnished by the material-

man or subcontractor under a contract with the contractor, that in order to make out a prima facie case he must, amongst other things, prove an existing contract between the owner of the land and the person to whom he furnished the materials for making the improvement upon the land of such owner; otherwise his case will fail. [O'Shea v. O'Shea, 91 Mo. App. l. c. 232.] It appears that the answer put in issue the existence of a contract between the defendant, Mrs. Jones, the owner of the land, and defendant Hoyt, the person to whom the materials were furnished by the plaintiffs. In vain have we searched the record for substantial evidence which directly or inferentially tends to prove this essential fact. Without this proof the plaintiffs were not entitled to go with their case to the jury.

It results that the demurrer interposed by the defendant, Mrs. Jones, at the conclusion of all the evidence should have been sustained instead of overruled. And for this error the judgment must be reversed and cause remanded. All concur.