MARION HOWE, BY NEXT FRIEND v. CENTRAL VERMONT RAILWAY CO.

October Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed May 24, 1917.

*P. S. 4478—Liability Under—Notice Required—Negligence— P. S. 4431, 4432—Burden of Proof—Statutes—Interpretation—Warnings at Grade Crossings—Jury Question—Instructions—Imputed Negligence—Common Enterprise— Parent and Child—Agency of Father of Minor Child—Costs —When Exceptions of Both Parties are Sustained.*

It is a prerequisite to liability on the part of a railroad company, under P. S. 4478, providing for the cutting of trees, shrubs and brushes

for a distance of eighty yards in each direction from all public grade crossings, that notice to do so be given as specified in P. S. 4479.

In an action against a railroad company for injuries received at a highway grade crossing, caused by the failure of defendant to blow the whistle or ring the bell, as provided by P. S. 4431 and 4432, the burden of showing that the omission was, under the circumstances, reasonable and prudent, is upon the defendant.

Where the meaning of a statute has been made clear by judicial interpretation, no subsequent practice inconsistent with that meaning can have any effect.

The question of the negligence of a railroad company in failing to give the warning required by P. S. 4431 on approaching a highway grade crossing, *held* to be for the jury.

In an action against a railroad company for injuries received at a highway grade crossing caused by the alleged failure of defendant to ring a bell or sound a whistle as required by P. S. 4431, it was error to omit to instruct the jury that if the bell was not rung, the whistle should have been blown at intervals and kept blowing until the crossing was passed, in the absence of any evidence affirmatively tending to show that the omission to do so, in the existing circumstances, was reasonable and prudent.

The negligence of a parent and a grandparent in driving an automobile upon a railroad crossing in front of an approaching train is not to be imputed to a minor child riding with them.

The fact that the parents and grandparents of a minor child, with whom she is riding in an automobile, are engaged in a common purpose, does not affect her right to recover against a railroad company for injuries received in an accident at a railroad crossing, although the negligence of her father and grandfather contributed thereto.

The status of a father as custodian of the person of a minor child is not as agent of the child, but as agent of the law; and he cannot render or impair any property right that is vested in the child, nor impose any legal burden upon it.

Where substantial exceptions of both parties are sustained, neither will be allowed to recover costs in Supreme Court.

*Wakefield* v. *Conn. & Pass. R. R. R. Co.*, 37 Vt. 230, and *Robinson* v. *Cone*, 22 Vt. 213, approved and followed.

CASE FOR NEGLIGENCE. Plea the general issue. Trial by jury at April Term, Windham County, *Miles*, J., presiding. At the

close of all the evidence the defendant moved for a directed verdict, which motion was overruled, and defendant given an exception. General verdict for plaintiff. Both parties excepted. The opinion states the case.

The negligence alleged in the declaration was that the defendant did not give the warning required by P. S. 4431, by either ringing the engine bell or sounding the whistle at the highway crossing where the accident occurred, and that the defendant allowed trees, shrubs and bushes to grow upon its right of way in such a manner as to obstruct the view at the crossing, in violation of P. S. 4478. In a special verdict the jury found that the defendant did "blow its whistle at least eighty rods from the crossing in question as claimed by the defendant"; that the defendant did not "ring its bell as claimed by the defendant"; that the defendant's neglect to blow the whistle or ring the bell was not the proximate cause of plaintiff's injury; and that the shrubbery within the limits of the defendant's roadway at the crossing in question was the proximate cause of the plaintiff's injury.

*John W. Redmond* and *Charles F. Black* for the defendant.

*Herbert G. Barber* and *Frank E. Barber* for the plaintiff.

The negligence of the driver of the automobile cannot be imputed to the plaintiff. *Robinson* v. *Cone,* 22 Vt. 213; *Ploof* v. *Burlington Traction Co.,* 70 Vt. 509; *Whirley* v. *Whiteman,* 1 Head 610; *Gov. St. R. Co.* v. *Hanlon,* 53 Ala. 82; *Newman* v. *Phillipsburg Horse Car Co.,* 52 N. J. L. 450; *Bellefontaine R. Co.* v. *Snyder,* 18 Ohio St. 399; Wharton on Negligence, second edition 313-314; Bishop Non. Cont. L., Section 581; Beach on Contributory Negligence, first edition, Section 388, second edition, Section 116; *Cowalski* v. *Chicago G. W. R. Co.,* 84 Fed. 586, affirmed, 92 Fed. 310; *Lewin* v. *Lehigh Valley R. Co.,* 52 App. Div. 69; *Nashville R. R. Co.* v. *Howard,* 112 Tenn. 107, 64 L. R. A. 437; *Metropolitan W. S. L. R. Co.* v. *Kersey,* 80 Ill. App. 301; *Northern Texas Traction Co.* v. *Roye,* 86 S. W. 621; *Texas P. R. Co.* v. *Kingston,* 86 S. W. 518; *St. Louis S. W. R. Co.* v. *Vyers,* 70 S. W. 558; *McNamara* v. *Beck,* 21 Ind. App. 483, 52 N. E. 707; 2 Thomp., Trials, Sec. 1687; *Cleveland C. C. & I. R. Co.* v. *Manson,* 30 Ohio St. 451; *St. Clair Street R. Co.* v. *Eadie,* 43 Ohio St. 91; *North Pennsylvania R. Co.* v. *Mahoney,* 57 Pa. 187; *Erie City Pass. R. Co.* v. *Schuster,* 113 Pa. 415, 57 Am. Rep.; *Norfolk &*

*P. R. Co.* v. *Ormsby,* 27 Gratt. 455; *Battishill* v. *Humphreys,* 64 Mich. 494; *Shippy* v. *AuSabe,* 85 Mich. 280; *Huff* v. *Ames,* 16 Neb. 139, 49 Am. Rep. 716; *Daley* v. *Norwich .& W. R. Co.,* 26 Conn. 591, 68 Am. Dec. 413; *Wymore* v. *Mahaska County,* 78 Iowa 396, 6 L. R. A. 545; *Williams* v. *Texas & P. R. Co.,* 60 Tex. 205; *Galveston H. & H. R. Co.* v. *Moore,* 59 Tex. 64, 46 Am. Rep. 265; *Winters* v. *Kansas City Cable R. Co.,* 99 Mo. 509, 6 L. R. A. 536; *Boland* v. *Missouri R. Co.,* 36 Mo. 484; *Chicago City R. Co.* v. *Wilcox,* 33 Ill. App. 450, affirmed, 138 Ill. 370, 21 L. R. A. 76; *Ferguson* v. *Columbus & R. R. Co.,* 77 Ga. 102; *Atlanta & C. A. L. R. Co.* v. *Gravitt,* 26 L. R. A. 553.

WATSON, J. In this action the plaintiff sues by her next friend, to recover for injuries received by her on September 10, 1915, at the defendant's grade crossing known as "Parks Siding" in the town of Townshend, this State, by reason of the defendant's locomotive colliding with the automobile in which she was riding. The automobile came upon the crossing from the east, going towards the west. The plaintiff was then two years and seven months of age, and lived with her parents in the town of Newfane, about two miles from the home of her grandparents, Herbert G. Howe and his wife, Nora L. Howe, who lived in the town of Brookline. On the morning in question, pursuant to an arrangement previously made between the grandfather and the plaintiff's parents, the plaintiff went with her parents to the house of her grandfather, to go to the Londonderry fair in the latter's automobile. The party, consisting of the grandfather, the grandmother, their son Glen Howe, the plaintiff, her father and her mother, started in the automobile at seven o'clock and twenty minutes, for Londonderry. The grandfather was the driver of the car, and with him sat Glen. The grandmother was seated on the extreme right of the rear seat, holding the plaintiff in her lap. The plaintiff's mother and her father sat at the left of the grandmother, in the order named. Seven miles from the place of starting, was the crossing in question, with which the plaintiff's grandfather and her father were well acquainted, and had often been over it in both directions, in an automobile. They both knew the time the morning train for Londonderry was due at the crossing, and understood it was due to leave West Townshend, about two miles north of the crossing, at 7:45 a. m. The accident occurred a little before eight o'clock. The driver threw the car into low gear about opposite the cross-

ing-signal post, which was about fifty or sixty feet from the east rail, and kept it in low gear thereafter. While the car was in low gear, it proceeded at a speed of not more than four to six miles an hour, with no attempt to increase the speed before it was struck by the locomotive. When the car was almost over the crossing, it was struck by the west end of the breast beam of the locomotive six inches from the rear of the body of the car, throwing the occupants out, injuring the plaintiff and wrecking the car.

The declaration states two grounds of negligence upon which the action is founded: (1) That the defendant did not give the required warning signal when its train was approaching the crossing in question, either by ringing the bell or sounding the whistle; and (2) That defendant allowed trees, shrubs, and bushes to grow and remain within the boundaries of its right of way within a distance of eighty rods in each direction from said crossing, the plaintiff's view, as the automobile neared the crossing, being thereby obstructed.

At the close of the evidence, the defendant moved for a directed verdict on several grounds which may be condensed and adequately stated for the purpose of the case, as follows: (1) There is no evidence in the case tending to show any negligence on the part of the defendant that was the proximate cause of the injury; (2) On all the evidence, the proximate cause of the injury complained of was the negligence of the driver of the automobile, or of the father of the plaintiff, or of the mother of the plaintiff, or of some or all of them; (3) On all the evidence, the driver of the automobile, and the father of the plaintiff, were jointly or severally guilty of contributory negligence, which contributory negligence is imputable to the plaintiff; (4) On all the evidence, the occupants of the automobile were engaged in a common enterprise, and therefore the contributory negligence of the driver is imputable to the plaintiff; and (5) There is no evidence tending to show any actionable negligence on the part of the defendant because of the growth of shrubbery or trees upon its right of way. To the overruling of the motion, defendant excepted.

The action, as to the second ground of negligence stated above, was treated by the court and by counsel on both sides throughout the trial below, as based upon Section 4478 of the Public Statutes, which reads: "A person or corporation operat-

ing a railroad in this state shall cause all trees, shrubs and bushes to be cut within the surveyed boundaries of their lands, for a distance of eighty rods in each direction from all public grade crossings." By Section 4479, "If said person or corporation neglects or refuses to remove the trees, shrubs and bushes, as required by the preceding section, after sixty days' notice in writing, given by the selectmen of the town in which such trees, shrubs and bushes are located, and cause the same to be cut in the month of October each year thereafter, said person or corporation shall be liable for all damages occasioned thereby." The law of these two sections was enacted in sections 1 and 2 of No. 93, Acts of 1904, and relate to the same subject-matter. It is a prerequisite to liability under it that notice be given as specified in Section 4479. The evidence did not show, and it is not claimed, that any such notice was ever given to the defendant. Therefore the action cannot be maintained on the basis of such statutory negligence. Although this is not determinative of the motion for a directed verdict, there being questions to be considered thereon in connection with the other alleged ground of defendant's negligence, yet it follows that the exceptions to the submission to the jury of the question of defendant's liability for failure to keep the shrubbery cut within the limits of its roadway, must be sustained; as must also the exception to the rendering of judgment against the defendant on the special finding of the jury that the shrubbery in said roadway was the proximate cause of the injury.

There was the negative testimony of several of plaintiff's witnesses to the effect that they did not hear any bell ring nor whistle blow before the accident; while the testimony of other witnesses was that they heard the whistle blow back some distance from the crossing in question, which, fairly construed, may be said to warrant a finding that the whistle was blown in the vicinity of eighty rods back from the crossing. There was no evidence that the bell was rung at that place or between there and the crossing. For the purposes of the case on the motion for a verdict, we consider the evidence as showing that the bell was not rung at all when the train was approaching the crossing, and that the whistle was blown eighty rods from the crossing, but not afterwards and before the accident.

It is said on the part of the defendant that thus blowing the whistle was a compliance with the provisions of Section 4431 of

the Public Statutes, requiring signals when a train is approaching a public highway crossing at grade; while the plaintiff contends that this is not so, for that to constitute a compliance with the statute by blowing the whistle, the blowing must begin back at least eighty rods from the place of the crossing and continue until the crossing has been passed.

The statute reads: "A bell . . . shall be placed on each locomotive engine, and be rung at the distance of at least eighty rods from the place where the railroad crosses a road or street at grade, and be kept ringing until it has crossed such road or street; or the steam whistle may be blown instead of ringing such bell."

The next section (4432) provides that if a person or corporation owning or operating a railroad unreasonably neglects or refuses to comply with the foregoing provisins, it shall be fined, etc. The law of these sections was first enacted in 1849, and has hitherto remained in force without any change in words or substance material to be noticed here. Its construction came before this Court as early as 1864, in an action on the case for damages to horses and harnesses, on a public highway, railroad crossing. It was there held in effect that the two sections should be construed together; that by the first section, it is required that the bell shall be rung, or the steam whistle blown, at least eighty rods from the place of the crossing on the same grade, and that "the ringing or blowing shall be continued until the engine shall have passed such crossing"; that though in that section the requirement is affirmative and unconditional, yet by the law of the second section, if any railroad corporation shall unreasonably neglect or refuse to comply with such requisitions, they shall forfeit, for every such neglect or refusal, a sum not exceeding, etc.; that the fact that the corporation cannot be subjected to the penalty unless such neglect or refusal be shown to have been unreasonable, clearly implies that in the contemplation of the law there may be cases in which such neglect or refusal would be reasonable; and if reasonable, the penalty would not be incurred; that the provision of the first section was designed to operate more stringently than the common law; "and while it was not designed to subject the corporation to civil liability, entirely regardless of the circumstances and occasion of the omission to ring the bell or blow the whistle, in all cases of injury caused by such omission, still it was designed to require, as the general

rule, that the bell should be rung or the whistle blown in all cases; and, in case of injury by reason of an omission so to do, to impose the burden on the corporation of showing that such omission, in the exercise of a sound judgment by the engineer, in view of the condition of things as they existed at the time, was reasonable and prudent. When therefore, in a case like the present, the plaintiff should show that the alleged injury was caused by such omission, it would not be necessary to his right of recovery that he should take the burden of showing affirmatively that such omission was unreasonable and imprudent; but it would rest upon the defendant, as a matter of defence, to show that it was reasonable and prudent." And that "the liability of the corporation should be left to stand upon this, viz.: whether, in the judgment of the jury, upon all the evidence, the omission in the given case, in view of the actual condition of things, was reasonable and prudent." *Wakefield* v. *Conn. & Pass. R. R. R. Co.,* 37 Vt. 330, 86 Am. Dec. 711. The holdings in that case have stood as the law of the subject for more than half a century without criticism; and upon a careful examination of the statute, in view of the arguments of counsel in the present case, we see no reason for doubting the soundness of the conclusions there reached, or of their controlling effect in the matter before us. The meaning of this statute being by judicial construction thus made clear in the case noticed, no subsequent practice inconsistent with that meaning can have any effect. *United States* v. *Alger,* 152 U. S. 384, 38 L. Ed. 488, 14 Sup. Ct. 635; *Fairbanks* v. *United States,* 181 U. S. 283, 45 L. Ed. 862, 21 Sup. Ct. 648. The above holding is determinative of the fact that the case, on the question of defendant's negligence in failing to give the required warning signal when the train was approaching the crossing at the time in question, was for the jury; and therefrom it is evident that the plaintiff's exception to the part of the charge pertaining to the blowing of the whistle, on the ground that the jury should have been instructed that if the bell was not rung, the whistle should have been blown at intervals and kept blowing until the crossing was passed, was well taken. It is not claimed that there was any evidence affirmatively tending to show that the omission so to do in the existing circumstances, was reasonable and prudent, a question on which, as before seen, the burden was with the defendant. Had the jury been properly instructed in this respect, they might not have found, as they did specially,

that the defendant's neglect to blow the whistle or ring the bell was not proximate cause of the plaintiff's injury.

The question of contributory negligence is yet to be considered on the motion for a verdict, if it is in the case. The plaintiff was of such tender years, at the time of her injury, as to be incapable of exercising care. But we assume, as counsel for defendant argue, that her grandfather (driver of the automobile), and her father were guilty of negligence contributing to the accident. The question then is: Is their negligence imputable to the plaintiff? In *Robinson* v. *Cone*, 22 Vt. 213, 54 Am. Dec. 67, the plaintiff, a child three years and nine months old, was severely injured when sliding on a sled in a public highway, by being caught by one of the runners of defendant's loaded sleigh, drawn by two horses. The plaintiff at the time was attending school. The question of contributory negligence by the plaintiff was raised in defence; also the question of such negligence by the plaintiff's parents in allowing him to attend school at the age and in the manner they did. The court said it was "satisfied that although a child, or idiot, or lunatic, may, to some extent, have escaped into the highway through the fault or negligence of his keeper, and so be improperly there, yet if he is hurt by the negligence of the defendant, he is not precluded from his redress." In *Ploof* v. *Burlington Traction Co.*, 70 Vt. 509, 41 Atl. 1017, 43 L. R. A. 109, the court said the case of *Robinson* v. *Cone* had become a leading case against the doctrine of imputed negligence, and its doctrine was quite generally followed by courts of last resort, and indorsed by eminent writers; and that this Court was content to abide by the decision of that case on the doctrine of imputed negligence. The foregoing is the established doctrine in this State, and is known in some other jurisdictions as the "Vermont rule," (distinguishing it from the contrary doctrine, known as the "New York rule,") and it is supported by the great weight of authority.

Nor did the fact that the persons with whom the plaintiff was riding in the automobile were engaged in a common enterprise, make any difference in this respect. The theory of the law which makes each of persons engaged in a common purpose at the time of an injury suffered by him, by reason of the neglect of some outside person, responsible for the negligence of any of his associates, contributing to the injury, is, that each was the agent of the others, and therefore that each was responsible for

the consequences resulting from the acts of the others, or any of them. *Boyden* v. *Fitchburg Railroad Co.*, 72 Vt. 89, 47 Atl. 409; *Wentworth* v. *Waterbury*, 90 Vt. 60, 96 Atl. 334. Both in law and in fact the plaintiff was incapable of entering into any such common enterprise. She was in the automobile because her father, who by law was the custodian of her person, took her with him. Yet his status as such custodian was not as agent of the child, but as agent of the law; and he could not surrender or impair any property right that was vested in the child, nor impose any legal burden upon it. *Ferguson* v. *Phoenix Mut. Life Ins. Co.*, 84 Vt. 350, 79 Atl. 997, 35 L. R. A. (N. S.) 844; *Newman* v. *Phillipsburgh Horse Car R. Co.*, 52 N. J. L. 446, 19 Atl. 1102, 8 L. R. A. 842. It follows that the relation of common purpose, as such, of the persons with whom the plaintiff was riding at the time of her injury, does not affect her rights against the defendant. This being so, the question of the imputability of the contributory negligence of the driver, or of the plaintiff's father, is, in any aspect of the case, reduced to the simple form in which it has been considered and ruled above.

The question of contributory negligence, therefore, is not in the case, and the only question is, whether the defendant exercised the degree of care required by law. The motion for a directed verdict was properly overruled. This holding shows defendant's exceptions to the failure of the court to charge as requested touching the question of contributory negligence, to be without merit.

Since substantial exceptions of both parties are sustained, neither party should be allowed to recover costs in this Court.

*Judgment reversed and cause remanded, without costs to either party in this Court.*