DAVIS *v.* NEW YORK CENTRAL RAILROAD CO.

NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — INFANTS — IMPUTABLE NEGLIGENCE—RAILROADS.

> In an action for personal injuries received by plaintiff, an infant, when an automobile in which she was a passenger was struck at a highway crossing by defendant's locomotive, the trial court was in error in directing a verdict for defendant on the ground of the negligence of the driver, since the latter's negligence was not imputable to plaintiff, an infant.

Error to Ingham; Collingwood (Charles B.), J. Submitted January 3, 1923. (Docket No. 25.) Decided March 22, 1923.

Case by Thelma Irene Davis, an infant, by her next friend, against the New York Central Railroad Company for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*F. L. Dodge* and *L. B. Gardner,* for appellant.

*Samuel H. Kelley* and *J. Arthur Boice,* for appellee.

MOORE, J. The plaintiff, who is 19 years old, and her husband, Alfred Walter Davis, who was also under 21 years, in the afternoon of April 17, 1921, were riding in an automobile with the owner and driver of the car. There were other persons in the car. It is the claim of the plaintiff that the defendant was running its locomotive engine wild on Sunday on no schedule time; that the engine was coming from the south toward Lansing at a very high rate of speed;

As to whether negligence is imputable to wife while riding with her husband, is discussed in notes in 14 L. R. A. 733 and L. R. A. 1915A, 764.

that no signal of any kind was given; that no bell was sounded or whistle blown; and that, because of the negligent running of the locomotive, the automobile in which plaintiff was riding was struck and plaintiff was severely injured. It is because of her injuries this suit is brought. After the plaintiff had sworn two witnesses, one of whom made a plat showing the situation where the accident occurred, and one of whom was the driver of the car, and when the plaintiff had not been sworn, nor had other witnesses she had in court to be sworn, at this juncture, on motion of the defendant's attorney, the court directed a verdict for the defendant, stating that "the plaintiff by her driver was so negligent that she cannot recover." The case is brought here by writ of error.

If the trial judge had remembered that the plaintiff was an infant, and had recalled what was said by Justice HOOKER, speaking for the court in the case of *Hampel* v. *Railroad Co.*, 138 Mich. 1 (110 Am. St. Rep. 275), when he said:

"The next question of importance is whether the negligence of the driver is imputable to the plaintiff's intestate. Plaintiff's counsel concede that, had she been an adult, it would be, but earnestly and ably contend that, as she was an infant, she should not be charged with the negligence of the driver. It is urged that the doctrine of negligence rests upon the assumption that the relation of principal and agent or master and servant exists between the passenger and driver, and that, as an infant can be neither principal nor master, the doctrine cannot apply to an infant. The deceased was an infant 13 years old, in a carriage by invitation of its driver, through whose negligence, and without her fault, she was killed. Had she been an adult, his negligence would have been imputable to her, upon the fiction that he was her agent, under the doctrine of *Thorogood* v. *Bryan*, 8 C. B. 115, which is recognized as authority in this State. See *Mullen* v. *City of Owosso*, 100 Mich. 103 (23 L. R. A. 693, 43 Am. St. Rep. 436). But this infant lacked the

capacity to make him her agent, while there is not the least substance of a claim that either party supposed that such relation existed as a matter of fact."

it is likely he would not have directed a verdict. In that case it was held that the negligence of the driver was not imputable to the infant.

In the case of *Donlin* v. *Railway,* 198 Mich. 327, Justice FELLOWS quoted with . approval at greater length than we have done from the language of Justice HOOKER. For this error this case must be reversed.

We suggest that greater latitude should be allowed the witnesses upon the new trial in stating what was done about looking in both directions, and listening as the car approached the crossing. We also think the verdict should not be directed until the plaintiff is given an opportunity to make her case if she can do so.

The case is reversed, with costs to the plaintiff, and a new trial is granted.

WIEST, C. J., and FELLOWS, McDONALD, BIRD, SHARPE, and STEERE, JJ., concurred. CLARK, J., did not sit.