## POTTER v. FLORIDA MOTOR LINES, Inc.

## CARAKER et al. v. SAME.

Nos. 3608, 3611.

District Court, S. D. Florida.

March 26, 1932.

Bedell & Bedell and Frank E. Jennings, all of Jacksonville, Fla., for plaintiffs.

Doggett, McCollum, Howell & Doggett, of Jacksonville, Fla., for defendant.

STRUM, District Judge.

Each of these cases is an action at law wherein plaintiff seeks to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant in operating a motorbus, whereby the bus collided with an automobile in which the two plaintiffs were riding.

In each case, the defendant interposed a plea of contributory negligence which, in effect, avers that the driver of the automobile and the two plaintiffs were engaged in a joint enterprise, in that they, and others, were returning from a pleasure trip, to the expense of which plaintiffs and the driver had contributed; that the automobile was not owned by the driver or either of the plaintiffs; that the plaintiffs had equal rights and authority with the driver in arranging the details of the trip, and equal authority to direct the movements of the automobile; that the driver was operating the same with the acquiescence and consent of plaintiffs, and that the driver had no particular right to control or direct the automobile except as consented to by the plaintiffs; that the driver was negligent, and by reason of the joint enterprise the driver's negligence is imputed to plaintiffs so as to bar their recovery.

Replications to these pleas were filed averring in the Potter Case that plaintiff was an infant, and in the Caraker Case that plaintiff was a feme covert at the time in question, and that each plaintiff is immune from imputed negligence because incapable in law of engaging in a joint enterprise.

Defendant demurs to these replications, thereby presenting the question whether or not the contributory negligence of a driver may be imputed to an infant or to a feme covert to bar their recovery of damages for personal injuries when the sole basis for so imputing the driver's negligence is that all were riding in the vehicle in circumstances alleged to constitute a joint enterprise.

It is not alleged that the plaintiffs were actually controlling the movements of the driver, nor that plaintiffs had any authority to control the driver or the movements of the car, other than that alleged to result from the asserted existence of a joint enterprise. Neither do the pleas charge the plaintiffs with contributory negligence resulting from their own wrongful conduct either in selecting a driver or in failing to exercise reasonable care for their own safety in the face of apparent peril. Nor is the case within the "family car" doctrine.

The doctrine of imputed negligence, when asserted in cases involving a joint enterprise, rests upon the maxim "Qui facit per alium, facit per se." In such cases, in order to impute the negligence of the driver to another person riding in the car, the parties must stand in such relation to each other that the maxim just quoted directly applies to their case. Bryant v. Pacific Electric R. Co., 174 Cal. 737, 164 P. 385; Louisville, N. A. & C. Ry. Co. v. Creek, 130 Ind. 139, 29 N. E. 481, 14 L. R. A. 733; 45 C. J. 1019. That maxim can apply only in cases where the relationship of the parties is in effect that of partnership, principal and agent, or master and servant, or when the circumstances are such that the vehicle, though manually operated by one person, is in the actual control of another.

As a legal concept, joint enterprise is not a status created by law. It is a voluntary relationship, the origin of which is wholly ex contractu. Liability of one member of a joint enterprise for the acts of another member is a vicarious liability founded upon the relationship, and springs from the operation of law upon the relationship into which the parties have voluntarily brought themselves by contract. In its ultimate analysis the relationship is one of mutual agency flowing from a limited partnership. It is largely governed by principles analogous to those applicable to partnership and agency. O'Brien v. Woldson, 149 Wash. 192, 270 P. 304, 62 A. L. R. 436; Proctor v. Hearne, 100 Fla. 1180, 131 So. 173. There can be no joint enterprise without an agreement, express or implied, to enter upon an undertaking in the objects or purposes of which the parties to the agreement have a community of interest, and in the pursuit of which they have equal authority. Rosenstrom v. North Bend Stage Line, 154 Wash. 57, 280 P. 932.

In Florida, a married woman, not a free dealer under the statute (Comp. Gen. Laws 1927, §§ 5024–5028), has in general no contractual capacity. Her contracts are generally void. Although she may intrust to

another the management of her property for business purposes, she cannot become a member of a partnership so as to make herself liable personally for partnership debts, unless her disabilities have been removed. Though she may in a sense appoint a trustee or agent in the management of her estate, she cannot appoint an agent in the conventional sense whose acts shall bind her personally. Porter v. Taylor, 64 Fla. 100, 59 So. 400; Stearns v. Fraleigh, 39 Fla. 603, 23 So. 18, 39 L. R. A. 705.

While an infant may become a member of a partnership, his contract, being executory, is voidable at his election. In the absence of due ratification he is not personally liable upon an executory contract. Jennings v. Stannus (C. C. A.) 191 F. 347; 31 C. J. 1084. He cannot bind himself absolutely in the appointment of an agent, any attempted appointment being at least voidable and subject to disaffirmance by a personal plea of infancy. Dexter v. Hall, 15 Wall. 9, 21 L. Ed. 73; Sims v. Gunter, 201 Ala. 286, 78 So. 62; Smoot v. Ryan, 187 Ala. 396, 65 So. 828; 31 C. J. 1002. Being an executory contract, it is presumed to be invalid until ratified. 31 C. J. 1061. It may be disaffirmed during minority, a personal plea of infancy being an election to avoid. 31 C. J. 1067, 1068. The analogy between a married woman and an infant in respect to their disabilities is pointed out in Graham v. Tucker, 56 Fla. 307, 47 So. 563, 19 L. R. A. (N. S.) 531, 131 Am. St. Rep. 124.

The general rule, as stated in 30 C. J. 786, is: "Where a married woman is incapacitated by common law from binding herself by a contract, neither she nor her husband can be held liable for her tort which is so connected with the contract as to be a part of the transaction. The general principle of liability applies to her pure torts, and not to her torts founded upon her invalid contracts." The same is also true of infants. 31 C. J. 1091, 1094; Lowery v. Cate, 108 Tenn. 54, 64 S. W. 1068, 57 L. R. A. 673, 91 Am. St. Rep. 744. As was said by Lord Kenyon, approvingly quoted in Ferguson v. Neilson, 17 R. I. 81, 20 A. 229, 9 L. R. A. 155, 33 Am. St. Rep. 855: "If it were in the power of a plaintiff to convert that which rises out of a contract into a tort, there would be an end of that protection which the law affords to infants."

The rule adopted in Woodward v. Barnes, 46 Vt. 332, 14 Am. Rep. 626, is thus approvingly quoted by the Supreme Court of Florida in Graham v. Tucker, 56 Fla. 307, 47 So.

563, 564, 19 L. R. A. (N. S.) 531, 131 Am. St. Rep. 124, both cases holding a married woman not liable for a tort dependent for its existence upon an antecedent contract: "The general principle that for the torts or frauds of the wife an action may be sustained against her and her husband applies only to torts simpliciter, or cases of pure, simple tort, and not where the substantive basis of the tort is the contract of the wife."

The rule is thus stated in Texas: "But while it is true that the person who is capacitated to contract may commit a tort in connection therewith, the person incapable of making the contract cannot be bound on a tort dependent on the contract. If a married woman could be held liable for a tort growing out of, and dependent on, a contract which she could not lawfully make, it would amount to making her liable on the illegal contract, and what could not be reached directly would be accomplished indirectly." Brazile v. Scott (Tex. Civ. App.) 273 S. W. 1013, 1015. See also Sandoval v. Eagle Pass Lumber Co. (Tex. Civ. App.) 248 S. W. 132.

It is no answer to say that the contract is not one made by the parties, but is one implied by law. The law will not imply a contract where from the nature of the case the parties cannot legally make an express contract. Simpson v. Bowden, 33 Me. 549. Bishop says: "When the law lays on one a duty to another, it creates a promise from the former to the latter to discharge the duty. The limit of the doctrine is that where, from the nature of the case, not merely from inability of the party, there could not be a contract in fact, the law does not undertake to create the impossible." Bishop on Contracts (2d Ed.) §§ 182–186.

There is no substantial difference between holding a married woman or an infant liable directly on a contract, or indirectly for breach of a duty arising from contract. As was said by the Supreme Court of Rhode Island in Ferguson v. Neilson, 17 R. I. 81, 20 A. 229, 9 L. R. A. 155, 33 Am. St. Rep. 855, wherein the plaintiff sues a married woman to recover damages for the negligence of her servant in driving a carriage, in which case the defendant successfully pleaded coverture: "If we should say she is liable for the tort because of the relation [of master and servant], we should say there was a contract which made her liable; for if the driver was her husband's servant, and not hers, of course she is not responsible for him; but if he was her servant, and not the husband's, how could a court, for example, refuse him [the servant] judg-

ment if he were to sue for wages upon the contract?"

At common law a married woman is incapable of making a contract, and consequently incapable of becoming a partner or of sustaining the relation of principal to agent, or master to servant, so as to be charged with the legal consequences of these relations. An infant's contracts in these respects are at least voidable, and, being executory, are open to disaffirmance even during minority by filing a personal plea of infancy, which has here occurred.

A married woman or an infant is responsible for personal torts directly committed by them, unconnected with contract, usually known as pure torts, or torts simpliciter, including all torts not growing out of, or founded upon, or directly connected with, or a part of, or a means of effecting, a contract. Prentiss v. Paisley, 25 Fla. 927, 7 So. 56, 7 L. R. A. 640; Meeks v. Johnston, 85 Fla. 248, 95 So. 670.

Many cases hold that the negligence of a driver, while operating a vehicle in such circumstances that an infant riding with him has actual authority to control the conduct of the driver, is the negligence of the infant. This class of cases is well illustrated by Atchison, etc., Ry. v. McNulty (C. C. A.) 285 F. 97; McKerall v. St. Louis-San Francisco Ry. (Mo. App.) 257 S. W. 166; and Bosse v. Marye, 80 Cal. App. 109, 250 P. 693. In Collinson v. Cutter, 186 Iowa, 276, 170 N. W. 420, it was held that a mother, riding in an automobile driven by her infant son, over whom she was exercising actual control and direction, was liable for injuries to a third person caused by the son's negligence. See, also, 45 C. J. 1029; 42 C. J. 1084, 1092, 1123. Those decisions, however, are not based upon agency, nor upon imputed authority to control derived merely from a supposed contract of joint enterprise. They are based upon actual authority to control, exercised through another. In cases of that character a replication averring coverture or infancy may be unavailing.

But the cases here considered are not of that character. The sole basis of the pleas to which these replications are addressed is, not actual, but imputed or fictional authority to control derived solely from the supposed existence of a joint enterprise. When a married woman or a minor exercises no actual control over the driver of an automobile, and has no actual authority so to do, negligence of the driver in the operation of the automobile cannot be imputed to

such married woman or minor merely because of putative authority to participate in the control of the automobile, by virtue of a supposed contract of joint enterprise which such married woman was incompetent to make and which the minor has disaffirmed. The distinction lies in the difference between actual authority to control (though exercised through another), and mere putative authority deduced solely from a supposed relationship, which is nonexistent. Negligence may be imputed in the former circumstances, but not in the latter. Howe v. Central Ry., 91 Vt. 485, 101 A. 45. See also Little v. Hackett, 116 U. S. 366, 6 S. Ct. 391, 29 L. Ed. 652; Seaboard Air Line Ry. Co. v. Watson, 94 Fla. 571, 113 So. 716.

As the relation of joint enterprise is based upon partnership or mutual agency, the relationship presupposes the existence of an antecedent contract, express or implied. Such a contract is the sine qua non of the relationship. Where, as here, the tort and the contract on which the tort depends for its existence are inseparable, a married woman cannot be charged therewith, neither can an infant be charged over his disaffirmance of the contract. Consequently, neither of these plaintiffs can be regarded as members of a joint enterprise so as to impute to them the consequences of the driver's negligence. Howe v. Central Vermont Ry., 91 Vt. 485, 101 A. 45, 48; Hampel v. Detroit, etc., Ry. Co., 138 Mich. 1, 100 N. W. 1002, 110 Am. St. Rep. 275; Donlin v. Detroit, etc., Ry. Co., 198 Mich. 327, 164 N. W. 447; Davis v. N. Y. Cent. Ry. Co., 222 Mich. 239, 192 N. W. 555; Ommen v. Grand Trunk Ry. Co., 204 Mich. 392, 169 N. W. 914; Graham v. Tucker, 56 Fla. 307, 47 So. 563, 19 L. R. A. (N. S.) 531, 131 Am. St. Rep. 124.

Though Masterson v. Leonard, 116 Wash. 551, 200 P. 320, might appear to enunciate a doctrine contrary to that here followed, that case was explained in Pope v. Halpern, 193 Cal. 168, 223 P. 470, 474, wherein the court said in reference to the Masterson Case: "There can be no doubt that the court attached great importance to the fact that Frank [the plaintiff] had the possession and control of the bicycle * * * even though he had temporarily relinquished control over it." In Philadelphia R. Co. v. LeBarr (C. C. A.) 265 F. 129, judgment for the plaintiff was sustained without considering the question here under consideration. In Delaware & H. Co. v. Boyden (C. C. A.) 269 F. 881, it was categorically stated that under the law of Pennsylvania the principle of imputed neg-

ligence was applicable to husband and wife riding together in a vehicle upon a joint enterprise, but the effect upon that proposition of the common-law disabilities of a married woman, which largely obtain in Florida, was not considered. The same is true of Phillips v. Denver City Co., 53 Colo. 458, 128 P. 460, Ann. Cas. 1914B, 29. In Brommer v. Penn. Ry. Co., 179 F. 577, 581, 29 L. R. A. (N. S.) 924, cited in Delaware & H. Co. v. Boyden to sustain the statement just referred to, the question was "not whether Brommer's negligence is to be imputed to other occupants of the car [as in a joint enterprise], but whether they or any of them omitted that due care * * * which under the circumstances they were bound to take" (independent negligence of a guest). Lucey v. Allen, 44 R. I. 379, 117 A. 539, is based upon the so-called "family automobile" doctrine.

The principles here involved differ from those which sustain the "statutory" obligation of married women incidental to the ownership of bank stock, considered in Keyser v. Milton (C. C. A.) 228 F. 594, and in Bryan v. Bullock, 84 Fla. 179, 93 So. 182.

The demurrer is overruled in each case.